No. 25,292.

## In re HENRY MILLERT, Petitioner.

SYLLABUS BY THE COURT.

HABEAS CORPUS—*Convicted of Misdemeanor—Released on Parol—Violated Parol—Properly Reincarcerated.* The petitioner was convicted of misdemeanor, sentenced to serve six months in the county jail, and paroled on January 25. Normally, the period of his confinement would have expired on July 25. On August 24, the parole, which had not been previously discharged, was terminated, and the petitioner was incarcerated for the original full term. *Held,* his imprisonment is lawful.

Original proceeding in habeas corpus. Opinion filed November 10, 1923. Petitioner remanded.

*J. H. Brady, T. F. Railsback,* and *W. A. Snook,* all of Kansas City, for the petitioner.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, *Justus N. Baird,* county attorney, *Harry Hayward,* and *David E. Henderson,* assistant county attorneys, for the respondent.

The opinion of the court was delivered by

BURCH, J.: The wife of Henry Millert made application on his behalf for a writ of habeas corpus. He will be referred to as the petitioner.

On January 25, 1923, the petitioner was convicted on two counts of an information charging violation of the liquor law, and was sentenced to pay a fine of $100 and to be confined in the county jail for a period of six months, on each count. The jail sentences ran concurrently, and normally would expire on July 25. On the day he was sentenced the petitioner was paroled on paying $100 of his fine, paying costs of the action, and giving the required appearance bond. The conditions of the parole were that he would appear personally before the court on the first day of each term of the court until expiration of the term of sentence, and not depart without leave; that he would satisfy the court he had faithfully kept his parole, and demean himself as a peaceable and law abiding citizen; that he would give bond as required by law; and that during his parole he would not violate the laws of the state or of the nation. The condition that petitioner would regularly appear until expiration of term of sentence departed from the statute, which requires appearance during parole, but the subject is not material.

On August 24, the petitioner's parole was revoked for violation of the liquor law, and he was taken into custody and committed to jail. His contention is, parole necessarily ended with term of sentence, and the court had no jurisdiction to incarcerate him. The statute is quite plain to the contrary.

The theory of the parole law (Gen. Stat. 1915, § 3005, and following sections), as it is to be administered by the district court, is that period of parole is itself in the nature of a term. In misdemeanor cases the period may not be greater than two years; in felony cases, not greater than ten years. The period may be brought to an end in three ways: first, by termination by the court; second, by discharge; third, by expiration.

The court may terminate (revoke) parole at any time, at discretion. If parole be so terminated, the time the person paroled has been at large shall not be counted, and in misdemeanor cases he shall be required to pay fine and serve time in jail as though no parole had been granted.

If satisfied reformation of the person paroled is complete and he will not again violate the law, the court may discharge him. The order shall recite that he has earned discharge by good behavior, and discharge operates as complete satisfaction of the original judgment. Discharge is discretionary with the court. In misdemeanor cases no discharge may be granted before expiration of six months from date of parole. This is true whether the sentence was to pay a fine or to be imprisoned, or both, and no matter what the term of imprisonment. If the petitioner had been sentenced to serve thirty days in jail, he could not have been discharged from parole before expiration of six months from its commencement. In felony cases, the person paroled may not be granted absolute discharge before expiration of two years from date of parole, even although the period of incarceration were one year. If parole in a felony case be terminated, time the person paroled was at large shall not be counted, and he must serve full time, as though no parole had been granted.

If in misdemeanor cases parole has not been revoked and no discharge has been granted, the court, at expiration of two years, may either revoke the parole or grant discharge. If the court take no action, the person paroled is discharged by operation of law. If the parole be revoked, the same consequences follow as in the case of revocation before expiration of two years.

The term of parole is one of probation, offered the delinquent as a substitute for punishment in the usual way. One who accepts the substitute does so subject to all the conditions imposed by law and by the court. In this instance the petitioner failed to satisfy the conditions, and must now pay the remainder of his fine, and be confined in jail for six months, precisely as though no parole had been granted.

The case of *In re Carroll,* 91 Kan. 395, 137 Pac. 975, on which petitioner relies, was decided under a statute governing paroles by police courts, which are expressly excepted from the statute under interpretation.

Petitioner remanded..