(911 P.2d 203) ·
No. 73,658

GREGORY KIM FAULKNER, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed February 9, 1996.

*Michael J. Helvey*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Bruce E. Moore*, assistant county attorney, *Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before GERNON, P.J., LEWIS, J., and NELSON E. TOBUREN, District Judge, assigned.

LEWIS, J.: Petitioner pled guilty to a charge of terroristic threat in February 1992 and, in March 1992, was sentenced to a term of 1 to 5 years. In May 1993, he was released on parole and remained on that status until July 1994 when his parole was revoked.

In August 1994, petitioner's sentence was converted to a sentence of 10 months' imprisonment and 12 months' postrelease supervision under the Kansas Sentencing Guidelines Act (KSGA).

In December 1994, petitioner filed a motion under K.S.A. 60-1507. He alleged that prior to the sentence conversion, he spent 14 months on parole from his indeterminate sentence. He argues that the time spent on parole should be credited to satisfy his postrelease supervision time under the converted sentence. The trial court denied the motion, and this appeal followed.

At the time he filed the motion under consideration, petitioner was apparently in jail on unrelated charges. In his brief, he tells us that he was convicted and sentenced on those charges. However, there is no support for that statement in the record. Consequently, we are unable to determine whether petitioner was in jail because he was convicted of new charges or because his postrelease supervision had been revoked, or both.

We also suspect that the issue raised on appeal is moot. Petitioner seeks to be released from further liability on his 1992 sentence. The passage of time since petitioner was sentenced and his sentence was converted convinces us beyond any doubt that he has served the 10 months' imprisonment portion of the KSGA sentence. We also strongly suspect that either through confinement or while on parole, petitioner has served the entire indeterminate sentence he was given in 1992. If this is correct, then the matter is moot. However, we cannot determine from the record whether petitioner is currently serving a new sentence by reason of conviction from a new charge or whether he continues to serve the original 1- to 5-year sentence. For that reason, we render an opinion on the merits.

There is only one question presented on appeal. May an inmate serve the postrelease supervision portion of a converted KSGA sentence by having spent time on parole prior to the conversion of that indeterminate sentence? We hold that he or she may not and affirm the trial court's decision in this matter.

We dealt with a similar issue in *Phillpot v. Shelton*, 19 Kan. App. 2d 654, 875 P.2d 289, *rev. denied* 255 Kan. 1003 (1994). That case involved several inmates whose sentences had been converted under the KSGA. These inmates had all been confined, prior to the time of sentence conversion, for a period of time in excess of the combined imprisonment and postrelease supervision periods of

their converted sentences. They asked to have the time which they served in excess of their presumptive imprisonment sentences credited against the postrelease supervision period of those sentences. We held in that case that time *spent in prison* under a pre-KSGA sentence did not satisfy both the imprisonment and the postrelease supervision portions of a converted KSGA sentence.

"A reading of the statutes indicates that, under the Kansas Sentencing Guidelines Act, a defendant is to serve a bifurcated sentence—incarceration followed by postrelease supervision. Other than the interplay of good time credit, these two parts are effectively independent from one another. The statutes indicate postrelease time is mandatory and comes after a defendant has been released from incarceration. Because appellants have served only a period of incarceration under their indeterminate sentences, they are subject to postrelease supervision upon their release from incarceration." 19 Kan. App. 2d 654, Syl. ¶ 8.

We also pointed out in *Phillpot* that a sentence cannot be increased in length as a result of conversion under the KSGA. 19 Kan. App. 2d 654, Syl. ¶ 7. In *Phillpot,* the inmates in question had served only *a portion* of the period of incarceration under their indeterminate sentences. Since they still had time left to serve, they remained liable to postrelease supervision on their releases from incarceration.

In the case at hand, petitioner asks to be credited with time spent on parole under his indeterminate sentence. *Phillpot* did not address this issue.

In *Phillpot,* we held that under the KSGA, a defendant serves a bifurcated sentence, a period of confinement followed by postrelease supervision. K.S.A. 21-4703(m), (o), and (p) define some of the terms at issue:

"(m) 'imprisonment' means imprisonment in a facility operated by the Kansas department of corrections;

. . . .

"(o) 'nonimprisonment,' 'nonprison' or 'nonprison sanction' means probation, community corrections, conservation camp, house arrest or any other community based disposition;

"(p) 'postrelease supervision' means the release of a prisoner to the community *after having served a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court,* subject to conditions imposed by the Kansas parole board and to the secretary of corrections' supervision." (Emphasis added.)

It is clear that under the statutes, postrelease supervision time does not begin until after the inmate has served the entire period of incarceration under the KSGA.

Under the old sentencing scheme, "parole" was an entirely different concept. In *Baier v. State*, 197 Kan. 602, Syl. ¶ 1, 419 P.2d 865 (1966), the Supreme Court said: "A prisoner who institutes a K.S.A. 60-1507 proceeding, and is released on parole from the state penitentiary while his appeal from a denial of his motion by the district court is pending, remains in 'custody' within the meaning of the statute, and the questions presented are not thereby rendered moot."

K.S.A. 22-3722 provides in part:

*"The period served on parole or conditional release shall be deemed service of the term of confinement,* and, subject to the provisions contained in K.S.A. 75-5217 and amendments thereto relating to an inmate who is a fugitive from or has fled from justice, the total time served may not exceed the maximum term or sentence. The period served on postrelease supervision shall vest in and be subject to the provisions contained in K.S.A. 75-5217 and amendments thereto relating to an inmate who is a fugitive from or has fled from justice. The total time served shall not exceed the postrelease supervision period established at sentencing." (Emphasis added.)

It is clear from the statutes and the prior decisions of the Supreme Court that time spent on parole is time spent in "custody" and is to be credited as service against the time of confinement. Postrelease supervision, on the other hand, does not begin until after the confinement portion of the sentence has been served. The only instance in which an inmate will be required to serve his or her postrelease supervision time in custody is when the inmate violates the terms of the postrelease supervision. K.S.A. 1995 Supp. 75-5217(b).

We hold that time spent on parole under an indeterminate sentence may not be credited to the postrelease supervision period of a converted sentence. The trial court was correct in reaching this conclusion, and we affirm the trial court on that basis.

However, it is also true that time spent on a converted sentence cannot exceed the time required to serve the indeterminate sentence. See *State v. Fierro*, 257 Kan. 639, 645-46, 895 P.2d 186

(1995). If the petitioner has served his entire 1- to 5-year sentence, either by confinement or by time spent on parole or by a combination of both, he cannot also be required to serve postrelease supervision time under his converted sentence. This would have the effect of extending his guidelines sentence beyond the time called for by the original indeterminate sentence. If petitioner has not completely served his indeterminate sentence of 1 to 5 years, he remains subject to postrelease supervision time under his converted sentence and cannot be credited with the time spent on parole. The time he must spend on postrelease supervision depends on how much time remains under his original sentence. If petitioner has completely served or "flattened" his original indeterminate sentence, then he must be released from further liability under that sentence or under his converted sentence.

We are unable to determine from the record how much, if any, time remains to be served on the original indeterminate sentence. For that reason, we affirm the trial court's decision but remand this matter for a determination of how much, if any, postrelease supervision time petitioner must serve under his guidelines sentence.

Affirmed and remanded.