(967 P.2d 1083)

No. 79,052

DARRIN G. FANNING, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed September 4, 1998.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Elizabeth Rogers*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., ELLIOTT and KNUDSON, JJ.

KNUDSON, J.: Darrin G. Fanning appeals the denial of his K.S.A. 60-1507 motion by the district court without a hearing or appointment of counsel.

Fanning was convicted in 1988 and received two indeterminate sentences of 10 years to life. His 1994 parole was short lived; in 1996, it was revoked, and he was returned to the physical custody of the Secretary of Corrections. Fanning alleges in this 60-1507 proceeding that he is entitled to the retroactive application of a 1993 amendment to K.S.A. 75-5217(b). This statute states in material part:

"Revocations of release of inmates who are on a specified period of *postrelease supervision* for a crime committed on or after July 1, 1993, shall not exceed a 90-day period of confinement from the date of the revocation hearing before the

board, if the violation does not result from a conviction for a new felony or misdemeanor." (Emphasis added.) K.S.A. 1993 Supp. 75-5217(b).

Fanning contends that the failure to give this statute retroactive application constitutes a denial of equal protection of law under the federal and state Constitutions. This contention is without merit, and we affirm the dismissal of Fanning's petition by the district court.

"Postrelease supervision" is a phrase with particular technical meaning under the Kansas Sentencing Guidelines Act (KSGA). K.S.A. 21-4703(p) provides:

" '[P]ostrelease supervision' means the release of a prisoner to the community after having served a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court, subject to conditions imposed by the Kansas parole board and to the secretary of correction's supervision."

In *Faulkner v. State*, 22 Kan. App. 2d 80, 82-83, 911 P.2d 203, *rev. denied* 259 Kan. 927 (1996), there is an extended discussion of 21-4703(p) and the distinction between parole and postrelease supervision. In the court's opinion, Judge Lewis observed:

"It is clear from the statutes and the prior decisions of the Supreme Court that time spent on parole is time spent in 'custody' and is to be credited as service against the time of confinement. Postrelease supervision, on the other hand, does not begin until after the confinement portion of the sentence has been served." 22 Kan. App. 2d at 83.

Nevertheless, Fanning argues that the question still remains whether this distinction violates equal protection, as there remains a disparity in treatment for inmates convicted before adoption of the KSGA with the concomitant amendment to K.S.A. 75-5217(b) and those inmates thereafter convicted.

A somewhat analogous argument was considered by this court in *State v. Standifer*, 24 Kan. App. 2d 441, 444-45, 946 P.2d 637, *rev. denied* 263 Kan. 890 (1997), wherein first we noted:

"It is the general rule that the statutory penalty in effect at the time a crime is committed is the penalty that will be imposed, *State v. Patterson*, 257 Kan. 824, 825, 896 P.2d 1056 (1995), and 'where the penalty for an offense has been changed by an amendment of the law since the offense is charged or proved to have been committed, the penalty imposed must be under the law as it stood when the

offense was committed.' [Citation omitted.] However, it is within the province of the legislature to reduce criminal penalties and provide for retroactive application, constrained only by the Constitutions of the United States and of the State of Kansas." (Citing *Chiles v. State*, 254 Kan. 888, 897, 869 P.2d 707, *cert. denied* 513 U.S. 850 [1994].)

The *Standifer* court then concluded:

"The State has an interest in maintaining stability in the sentencing process and a concomitant obligation to improve the criminal justice system. The rule that the criminal statute in effect at the time the crime was committed is the penalty to be imposed serves these legitimate governmental interests and does not violate the Equal Protection Clause of the Fourteenth Amendment or § 1 of the Kansas Constitution Bill of Rights." 24 Kan. App. 2d at 446.

The holdings in *Faulkner* and *Standifer* support our rationale that K.S.A. 75-5217(b) does not apply to parolees whose sentences are not subject to conversion under the KSGA. Parole is distinguishable from postrelease supervision, both in definition and application. It would be a distortion of expressed legislative intent not to give effect to those differences. The legislature has spoken— K.S.A. 75-5217(b) only applies to those in the category of postrelease supervision.

Finally, Fanning's equal protection argument fails because the disparity of which he complains does not run between classes of individuals whose situations are indistinguishable. Fanning was sentenced under the "old law" before adoption of the KSGA. He is being given equal treatment with all other offenders who would be subject to parole revocation and whose sentences are not subject to conversion under the KSGA. Consequently, we conclude Fanning's equal protection argument is without legal merit.

Affirmed.