(68 P.3d 160)
No. 89,712

JOEY DAVIS, *Appellant*, v. CHARLES SIMMONS, Secretary of Corrections, DAVID MCKUNE, Warden, and KANSAS PAROLE BOARD, *Appellees*.

Opinion filed May 2, 2003.

*Charles J. Cavenee*, of Legal Services for Prisoners, Inc., of Lansing, for the appellant.

*Kenneth R. Smith,* special assistant attorney general, and *Carla J. Stovall,* attorney general, for the appellees.

Before RULON, C.J., LEWIS and GREEN, JJ.

LEWIS, J.: Petitioner Joey Davis appeals the district court's denial of his K.S.A. 2002 Supp. 60-1501 action.

We affirm.

Petitioner was originally convicted in case No. 85CR309 and received a sentence of 13 years to life in prison. After he was placed on parole in that case, he was convicted of a new crime in No. 00CR398. He was sentenced to 12 months' imprisonment in that case, and this sentence was made to run consecutive to the sentence he received in No. 85CR309.

Petitioner was ultimately released by order of the Kansas Parole Board (KPB) under the "postrelease heading," but also under the parole release section "until life." In a relatively short time, petitioner's parole or postrelease was revoked for various violations, none of which constituted a new crime. In December 2001, the KPB issued a final action notice, which stated that petitioner's postrelease was revoked and he was to serve 6 months' imprisonment for violations of the conditions of his release.

The KPB's order was incorrect insofar as the 6 months' imprisonment was concerned. The Kansas Department of Corrections sent petitioner a notice showing that a file review showed a mistake and was applied to his sentence. The notice stated:

"Due to your existing maximum term of life K.S.A. 22-3717(f) stipulates that except that those offenders whose old sentence is a term of imprisonment of life or an indeterminate sentence with a maximum term of life shall remain on post release supervision of life or until discharge from supervision by the Kansas Parole Board. The error that was made did not adhere to this sentencing law. Your sentence has been corrected and you have been advised accordingly."

The KPB again saw petitioner in February 2002 and issued an order revoking his parole and passing on him until December 2002. Petitioner has exhausted all his administrative remedies.

Petitioner filed the instant 60-1501 action in the district court, arguing that under the law, he could not be made to serve 6 months' imprisonment because he was on postrelease. The district

court concluded that petitioner was not entitled to the 6-month limitation on imprisonment because the postrelease revocation provisions under K.S.A. 2002 Supp. 75-5217(b) were not applicable to him. This appeal followed.

We agree with the district court and affirm.

Petitioner first submits that the district court erred in finding he was excluded from the 6-month imprisonment limitation under K.S.A. 2002 Supp. 75-5217(b). This requires an interpretation of statutory provisions; these are questions of law, and our review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). We conclude that K.S.A. 2002 Supp. 22-3717(f) supports the decision of the district court. That subsection reads:

"(f) If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on probation, parole, conditional release or in a community corrections program, for a crime committed prior to July 1, 1993, and the person is not eligible for retroactive application of the sentencing guidelines and amendments thereto pursuant to K.S.A. 21-4724 and amendments thereto, the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled or reaches the conditional release date on the old sentence. If the offender was past the offender's conditional release date at the time the new offense was committed, the new sentence shall not be aggregated with the old sentence but shall begin when the person is ordered released by the Kansas parole board or reaches the maximum sentence expiration date on the old sentence, whichever is earlier. The new sentence shall then be served as otherwise provided by law. *The period of postrelease supervision shall be based on the new sentence, except that those offenders whose old sentence is a term of imprisonment for life, imposed pursuant to K.S.A. 1993 Supp. 21-4628 prior to its repeal, or an indeterminate sentence with a maximum term of life imprisonment, for which there is no conditional release or maximum sentence expiration date, shall remain on postrelease supervision for life or until discharged from supervision by the Kansas parole board.*" (Emphasis added.)

K.S.A. 2002 Supp. 75-5217(b), upon which petitioner relies, states in pertinent part that if a violation of parole, conditional release, or postrelease supervision

"is established to the satisfaction of the Kansas parole board, the board may continue or revoke the parole or conditional release, or enter such other order as the board may see fit. *The revocation of release of inmates who are on a specified period of postrelease supervision* shall be for a six-month period of confinement from the date of the revocation hearing before the board or the effective date of waiver of such hearing by the offender pursuant to rules and regulations prom-

ulgated by the Kansas parole board, if the violation does not result from a conviction for a new felony or misdemeanor. Such period of confinement may be reduced by not more than three months based on the inmate's conduct, work and program participating [participation] during the incarceration period." (Emphasis added.)

In construing statutes and determining legislative intent where there are several provisions of an act involved, we will construe those acts together with a view of reconciling and bringing them into workable harmony if possible. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998). In *Geren v. Geren*, 29 Kan. App. 2d 565, 571-72, 29 P.3d 448 (2001), we said:

"The fundamental rule of statutory interpretation is that the intent of the legislature governs if that intent can be ascertained. [Citation omitted]. This court will presume that a statute was not intended to produce absurd consequences and that it has the most reasonable operation its language permits. [Citation omitted]. Furthermore, this court will not give a statute an arbitrary construction but will instead construe it in a manner to 'advance the sense and meaning fairly deducible from the context.' [Citation omitted.]"

In essence, petitioner, who is serving an indeterminate sentence in which life is the maximum, is arguing if his parole is violated, he is entitled to the 6-month limitation provision for technical violators. The district court rejected this argument because petitioner was on postrelease for life rather than a specified period of postrelease.

K.A.R. 45-9-3(a) states that "[a]n offender whose postrelease supervision has been revoked for reasons other than conviction of a new crime shall serve a six-month period of confinement."

It is true that the KPB's original parole order stated that petitioner was released under the "postrelease heading," but it also stated he was being released under the "parole release section" *until life*. However, the KPB also stated in its order that petitioner's release was revoked and that he was only required to serve 6 months in prison for violations of conditions of his release. The KPB was advised that this was a mistake, and it issued an order correcting that mistake and informed petitioner that due to his original sentence of 13 years to life, he would remain on postrelease for life or until discharged from supervision by the KPB.

We agree that the KPB's actions are unclear and a bit confusing. However, it is obvious that it made an error on the first order, and it corrected that order and made the appropriate decision based on petitioner's life sentence. Thereafter, the KPB has treated petitioner as a parolee with respect to his life sentence rather than a "postreleasee," and its actions are based upon the continuing vitality of his indeterminate life sentence. The State contends, and we agree, that petitioner's construction of the statutes would result in his life sentence being extinguished when the new determinate sentence was imposed, and we are of the opinion that the legislature clearly did not intend such a result.

In *McGann v. McKune,* 21 Kan. App. 2d 798, 801, 911 P.2d 811 (1995), we distinguished between a person who is subject to parole and a person who is subject to postrelease supervision. In that opinion, we stated:

> "There is clearly a distinction between a parolee and an individual subject to postrelease supervision. A parolee has been allowed to leave the confines of prison prior to the total time he or she was sentenced to serve. While out on parole, the parolee is subject to serving out the remainder of his or her prison sentence upon a violation and subsequent revocation of parole status. An individual on postrelease supervision has already completed the prison portion of the sentence before being released. Therefore, the class of inmates subject to parole is arguably distinguishable from the class of inmates who committed crimes on or after July 1, 1993, and are subject to postrelease supervision upon completion of their allotted prison term." 21 Kan. App. 2d at 801.

In *McGann,* we held: "the clear intent of the Kansas Legislature was to leave the Kansas Parole Board with authority to act with respect to parole revocations involving persons serving pre-guidelines sentences. [Citations omitted]. Parolees under an indeterminate sentence are a distinguishable class from individuals on postrelease supervision under the KSGA." 21 Kan. App. 2d at 803.

In *Fanning v. State,* 25 Kan. App. 2d 469, 470-71, 967 P.2d 1083, *rev. denied* 266 Kan. 1108 (1998), this court held that the failure to give K.S.A. 1993 Supp. 75-5217(b) retroactive application did not deny Fanning equal protection of law under the federal and state Constitutions. The petitioner was convicted in 1988 and received two indeterminate sentences of 10 years to life. He was

paroled in 1994, and it was revoked in 1996. At that time, we noted that K.S.A. 1993 Supp. 75-5217(b) provided in pertinent part:

" 'Revocations of release of inmates who are on a specified period of *postrelease supervision* for a crime committed on or after July 1, 1993, shall not exceed a 90-day period of confinement from the date of the revocation hearing before the board, if the violation does not result from a conviction for a new felony or misdemeanor.' " (Emphasis added). 25 Kan. App. 2d at 469-70.

We also held in *Fanning*:

"K.S.A. 75-5217(b) does not apply to parolees whose sentences are not subject to conversion under the KSGA. Parole is distinguishable from postrelease supervision, both in definition and application. It would be a distortion of expressed legislative intent not to give effect to those differences. The legislature has spoken—K.S.A. 75-5217(b) only applies to those in the category of postrelease supervision." 25 Kan. App. 2d at 471.

We hold that under K.S.A. 2002 Supp. 22-3717(f), petitioner's period of postrelease supervision shall not be based on his new sentence if his preguidelines sentence was an indeterminate sentence with a maximum term of life imprisonment. The statute clearly and specifically states as we did in *Fanning*. In this case, petitioner was on postrelease supervision for life rather than for a specific period, and the 6-month limitation provision of K.S.A. 2002 Supp. 75-5217(b) is not applicable to him. In addition, we conclude that 75-5217(b) does not apply retroactively to petitioner because his original sentence was not subject to conversion under the Kansas Sentencing Guidelines Act.

Affirmed.