NOT DESIGNATED FOR PUBLICATION

No. 113,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEREK D. ANDERSON,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee.*

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed February 26, 2016.
Affirmed.

*Lucas J. Nodine*, of Nodine Legal, LLC, of Parsons, for appellant.

*John Wesley Smith*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Derek Anderson was released on parole in December 2012. The parties
agree that at least three times—on April 23, April 30, and May 13, 2014—Anderson
failed to report as required to his parole officer. The Kansas Prisoner Review Board
revoked Anderson's parole and effectively sent him back to prison for at least 1 year.

Anderson filed a habeas corpus petition under K.S.A. 2015 Supp. 60-1501 arguing
that the Board shouldn't have revoked his parole because he only missed his meetings due
to transportation problems and that the Board should have sent him back to prison for 6
months rather than 1 year. But the Board has discretion, if a violation is established, to

revoke parole and impose some period of confinement, and Anderson admitted that he didn't report to his parole officer. Nothing in the law required the Board to impose only 6 months of confinement. Anderson can challenge a parole decision under K.S.A. 2015 Supp. 60-1501 only if there has been some violation of his constitutional rights, and none of his claims rise to that level. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Anderson was released on parole in December 2012. He had been in and out of prison since 1978, serving active sentences for four counts of robbery, two counts of theft, one count of terroristic threat, and one count of aggravated sexual battery. This was the seventh time Anderson had been released on parole.

The parties agree that at least three times, on April 23, April 30, and May 13, 2014, Anderson failed to report as required to his parole officer. It appears from the record that Anderson lived about 45 miles from the parole office where he was assigned to report. Anderson claimed in his petition that he had been unable to find transportation to the parole office on April 23 and May 13 and that he had called his parole officer to explain that he couldn't make it. As to the April 30 meeting date, Anderson claimed in his petition that he had been unaware of it, but the Parole Board said in its verified answer to the petition that Anderson had admitted at the revocation hearing that he had known about the meeting but missed it because he didn't have transportation.

According to the Board, after Anderson failed to report on April 23, his parole officer visited his residence and left a card with directions to report to the parole office on April 30. After Anderson missed his April 30 meeting, his parole officer made multiple attempts to contact him and left another card at his residence giving notice of the May 13 meeting. His parole officer also mailed him notice of the May 13 meeting. When Anderson didn't show up on May 13, an arrest warrant was issued for failing to report.

2

Anderson's final parole-revocation hearing took place in August 2014. The Board said in its verified answer (which Anderson has not challenged) that Anderson admitted at the hearing to having missed the meetings and said he had been unable to find transportation to get to them. See K.S.A. 60-1504(d) (providing that factual statements in the verified answer are accepted "if not controverted by the plaintiff"). The Board revoked Anderson's parole, thus returning him to prison, and provided that it would not again review his case until September 2015, 1 year later.

In October 2014, Anderson filed a pro se petition for a writ of habeas corpus under K.S.A. 2015 Supp. 60-1501, alleging that the Board had wrongfully revoked his parole and that his parole should only have been revoked for 6 months. The district court issued the writ to consider Anderson's claims, and the Board filed a verified answer and a motion to dismiss. The district court granted the motion to dismiss Anderson's petition, stating that he had not articulated any violations of his constitutional rights.

Anderson has appealed to this court.

ANALYSIS

*The District Court Properly Dismissed Anderson's K.S.A. 2015 Supp. 60-1501 Petition Because He Had Not Shown the Violation of Any of His Constitutional Rights.*

Anderson argues that the Board should have sent him back to prison for 6 months rather than 1 year after his parole was revoked. He also contends that because the district court didn't make specific factual findings about the length of his confinement, our court cannot review the issue and should remand the case to the district court so that it can make factual findings. But as the Board correctly notes, Anderson did not object to the district court's factual findings: "When a party fails to object to the lack of findings before

3

the district court, an appellate court presumes that the district court made the factual findings necessary to support its decision." *State v. Gaither*, 283 Kan. 671, 686, 156 P.3d 602 (2007). So here, because Anderson did not object to the factual findings and the district court dismissed the petition, this court presumes that it found that the length of Anderson's confinement—1 year from the date of the revocation hearing—didn't violate his constitutional rights.

K.S.A. 2015 Supp. 60-1501 allows any person confined in Kansas to petition the court alleging that some part of the confinement violates his or her constitutional rights. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). A K.S.A. 2015 Supp. 60-1501 petition is the appropriate way to obtain review of the Board's parole-revocation decisions. See *Battrick v. State*, 267 Kan. 389, 398, 985 P.2d 707 (1999). But our review is limited in many respects. A reviewing court may only ask whether the Board's decision was arbitrary and capricious and whether it complied with applicable statutory and constitutional requirements. *Brown v. Kansas Parole Board*, 262 Kan. 903, 910-11, 943 P.2d 1240 (1997). A court can and should summarily dismiss a K.S.A. 2015 Supp. 60-1501 petition if the facts are undisputed and it appears as a matter of law that no constitutional violation has occurred. *Johnson*, 289 Kan. at 648-49. "To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648 (citing *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 [1998]). Our review of a summary dismissal of a K.S.A. 2015 Supp. 60-1501 petition presents only legal questions, so we review the matter independently, without any required deference to the conclusions reached by the district court. See 289 Kan. at 648-49.

K.S.A. 2015 Supp. 75-5217(b) governs parole revocations and gives the Board complete discretion to revoke parole if a violation is established: "If the violation is established to the satisfaction of the board, the board may continue or revoke the parole

or conditional release, or enter such other order as the board may see fit." The Board's discretion under this statute includes the discretion to determine how long someone should be confined following a parole revocation. See K.S.A. 2015 Supp. 75-5217(b) (requiring a specific confinement period for violations of postrelease conditions but not for parole violations); *Davis v. Simmons*, 31 Kan. App. 2d 556, Syl. ¶ 5, 68 P.3d 160 (explaining the difference between parole and postrelease supervision), *rev. denied* 276 Kan. 967 (2003). A court should not substitute its discretion for that of the Board and can ask only whether the Board's decision was an abuse of discretion that unconstitutionally deprived the parolee of liberty. *Brown*, 262 Kan. at 910-11.

Anderson argues that K.S.A. 2015 Supp. 22-3717(h) required the Board to impose only 6 months of confinement. That statute lists the "proportionality of the time the inmate has served" as a factor the Board should consider at parole hearings, but it doesn't apply to Anderson's case—K.S.A. 2015 Supp. 22-3717(h) governs the procedure for *granting* parole, not revoking it.

The record on appeal doesn't include a transcript of the preliminary or final revocation hearings, but the order revoking Anderson's parole lists the evidence the Board considered, including Anderson's own testimony. The Board's verified answer said that Anderson admitted that he had missed the three meetings, and his petition essentially argues that because he was unable to find transportation on his meeting dates, the Board should have excused the reporting violations and not revoked his parole.

We come to the same conclusion as the district court: Anderson's petition doesn't allege a constitutional violation, it just argues that the Board came to the wrong result and asks the court to accept explanations for his violations that the Board didn't find persuasive. The violations, which Anderson admitted but attempted to excuse, were established to the Board's satisfaction, so it was within the Board's discretion to revoke Anderson's parole. K.S.A. 2015 Supp. 75-5217(b). It was also within the Board's

5

discretion to determine the length of confinement following Anderson's parole revocation, and Anderson provides no convincing argument that the 1-year period was arbitrary and capricious. See K.S.A. 2015 Supp. 75-5217(b). Anderson's petition does not state a constitutional violation or allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature," as required under *Johnson*, 289 Kan. at 648. Accordingly, the district court correctly dismissed it.

Anderson separately argues on appeal that the district court should not have summarily dismissed his petition without holding a hearing to determine whether the Board violated his procedural rights at the revocation hearing. Anderson is correct that parolees are entitled to certain procedural rights before parole is revoked: written notice of the claimed parole violations, disclosure to the parolee of the evidence against him, an opportunity to be heard in person and present evidence, the right to confront witnesses, a neutral hearing body, and a written statement of the reasons for revoking parole and the evidence supporting it. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). But Anderson didn't claim in his K.S.A. 2015 Supp. 60-1501 petition that the Board violated his procedural rights. Likewise, the Board's response, which noted Anderson's basic procedural rights, didn't discuss them further. The district court didn't address this question in its ruling.

We review the summary dismissal of a K.S.A. 2015 Supp. 60-1501 petition independently; from Anderson's petition, we find no allegation that any of Anderson's procedural rights were violated at his revocation hearing. While he does make the conclusory allegation that "no evidence [was] presented to the Review Board that [he] violated any conditions of release," that claim is obviously based on his separate allegation that his failure to show up for appointments with his parole officer should have been excused for lack of transportation. That's an argument about the proper interpretation of the evidence, not a claim that the Board failed to give him the opportunity to present evidence or to be heard. A court need not address arguments that

6

the petitioner didn't make. *Cf. State v. Williams*, 298 Kan. 1075, 1083-84, 319 P.3d 528 (2014) ("When a litigant fails to adequately brief an issue it is deemed abandoned."). Because Anderson did not allege in his petition that his procedural rights were violated at his revocation hearing, the district court correctly dismissed the petition without comment on this issue.

The district court's judgment is affirmed.