NOT DESIGNATED FOR PUBLICATION

No. 119,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TROY H. NELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed May 3, 2019. Affirmed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: Troy H. Nelson appeals the district court's denial of his motion to correct an illegal sentence. He was serving 228 months in prison when his sentence was vacated on appeal. But the length of the prison sentence imposed on remand was shorter than the time Nelson had already served in prison. So Nelson filed a motion to correct an illegal sentence, arguing that the district court should have credited the excess time he spent incarcerated against his postrelease supervision time. But the Kansas Supreme Court has previously held that a defendant is not entitled to do so. Finding no error, we affirm.

1

*Factual and procedural background*

Nelson was convicted of aggravated robbery, possession of cocaine, no tax stamp, and three counts of theft. The district court sentenced him to 228 months in prison with 36 months of postrelease supervision based on a criminal history score of B. But Nelson successfully challenged the legality of his sentence under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), and *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*), arguing that the court relied on an incorrect criminal history score at sentencing. *State v. Nelson*, No. 113,895, 2016 WL 6821852, at *1 (Kan. App. 2016) (unpublished opinion). The Supreme Court remanded his case for resentencing. On remand, the district court sentenced Nelson to 107 months in prison with 36 months of postrelease supervision. But Nelson had already served 5,452 days in prison—more days than required by that 107-month prison sentence. So Nelson was released from custody and began serving his postrelease supervision term. He was later charged with new crimes and was returned to custody.

Nelson then filed a pro se motion to correct illegal sentence. He sought to have his postrelease supervision term vacated, claiming it is illegal, constitutes cruel and unusual punishment, and violates the Ex Post Facto Clause, Due Process Clause, and the Equal Protection Clause. He argued that his excess time served in prison should have been credited toward his 36 months' postrelease supervision.

The State responded that Nelson failed to make a valid claim of an illegal sentence under K.S.A. 22-3504 because he raised only constitutional claims that cannot give rise to a claim of an illegal sentence. Nelson moved to amend his previous motion to correct illegal sentence, claiming manifest injustice and asking the court to apply the rule of lenity and credit his time served against his postrelease supervision requirement. The district court denied Nelson's motion, finding he had failed to bring a claim permitted by K.S.A. 22-3504. Nelson appeals.

*The district court did not err in denying Nelson's motion to correct illegal sentence.*

Nelson abandons his constitutional claims and now argues that requiring him to serve a term of postrelease supervision constitutes manifest injustice. He argues that his sentence is illegal and "shocks the conscience and can be deemed nothing but 'obviously unfair' to now incarcerate [him] an additional three years for a violation of postrelease." Nelson seems to argue that he is incarcerated now only because he violated the conditions of his postrelease supervision which he should not have had to serve.

*Standard of Review*

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When a district court summarily denies a motion to correct illegal sentence, we also apply a de novo standard of review. This is because we have the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

*Analysis*

In his only claim on appeal, Nelson argues that requiring him to serve the postrelease supervision portion of his sentence shocks the conscience and can be deemed nothing but "obviously unfair." We disagree.

We first consider the Kansas Supreme Court's decision in *State v. Gaudina*, 284 Kan. 354, 160 P.3d 854 (2007). There, the appellate court vacated defendant's sentence and the district court on remand imposed a prison term shorter than the time the defendant had already served. The defendant sought to credit his excess period of

imprisonment against the postrelease supervision portion of his sentence. That case raised the same issue that Nelson raises here:

> "This case raises the question of whether time spent in prison beyond the prison term can reduce the term of postrelease supervision. The question arises after Robert Gaudina's sentence was vacated on appeal and the prison term imposed on remand was for a shorter time than the time Gaudina had already served. Gaudina seeks to credit that excess period of imprisonment against the postrelease supervision portion of his sentence." 284 Kan. at 354-55.

The Kansas Supreme Court rejected Gaudina's statutory construction, double jeopardy, and equal protection arguments and held that a defendant is not entitled to have excess time served in prison credited against the postrelease supervision time. Three main pillars supported that result.

First, *Gaudina* emphasized that two distinct segments make up a defendant's sentence—a period of confinement and a period of postrelease supervision. 284 Kan. at 358-59. The statutory language of the Kansas Sentencing Guidelines Act that compelled that conclusion provided:

> "'[I]f the judge sentences the defendant to confinement' the judge must 'pronounce the complete sentence which shall include the prison sentence, the maximum potential reduction to such sentence as a result of good time and the period of postrelease supervision.' K.S.A. 2006 Supp. 21-4704(e)(2)." 284 Kan. at 358.

The court found this statutory requirement mandates and defines two segments of the bifurcated sentence:  the period of confinement and the period of postrelease supervision.

Although that statute was repealed in 2011, the current KSGA retains the same bifurcated sentencing structure:

4

"(2) In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the:

(A) Prison sentence;

(B) maximum potential reduction to such sentence as a result of good time; and

(C) period of postrelease supervision at the sentencing hearing. Failure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." K.S.A. 2018 Supp. 21-6804(e)(2).

As in *Gaudina*, this statutory requirement mandates and defines two separate segments of the bifurcated sentence: the period of confinement and the period of postrelease supervision.

Secondly, Gaudina found that drawing a distinction between the two segments is consistent with the meaning of the terms.

"'Confinement,' a term of ordinary meaning, is '[t]he act of imprisoning or restraining someone; the state of being imprisoned or restrained.' Black's Law Dictionary 318 (8th ed. 2004). In contrast, the term 'postrelease supervision' has 'particular technical meaning under the [KSGA].' *Fanning v. State*, 25 Kan. App. 2d 469, 470, 967 P.2d 1083, *rev. denied* 266 Kan. 1108 (1998). It is defined by statute as 'the *release of a prisoner to the community after having served* a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court, subject to conditions imposed by the Kansas parole board and to the secretary of correction's supervision.' K.S.A. 21-4703(p)." 284 Kan. at 358.

An identical definition of postrelease supervision is in effect today. K.S.A. 2018 Supp. 21-6803(p).

Third, *Gaudina* found that caselaw has consistently held that postrelease supervision cannot begin until the defendant serves the confinement portion of the sentence. 284 Kan. at 358-59. See *White v. Bruce*, 23 Kan. App. 2d 449, 453, 932 P.2d

5

448 (1997); *Faulkner v. State*, 22 Kan. App. 2d 80, 83, 911 P.2d 203 (1996). Our statute underscores that conclusion. K.S.A. 2018 Supp. 22-3717(q) ("Inmates shall be released on postrelease supervision upon the termination of the prison portion of their sentence.").

The governing caselaw and the statutory provisions in effect today are identical, in relevant part, to those that caused *Gaudina* to conclude that postrelease supervision is a separate segment of the sentence and any credit for time spent in confinement is credited against time spent incarcerated, not against postrelease supervision. 284 Kan. at 360. We thus find *Gaudina* to control Nelson's claim.

Thus a defendant who is resentenced after serving time in prison is not entitled to credit against a postrelease supervision period for any time served in prison, even if the time served exceeds the sentence imposed on remand. *Gaudina*, 284 Kan. at 368. This is because postrelease supervision is a separate portion of the sentence that does not begin until the confinement portion of the sentence has been served. 284 Kan. at 358-59; K.S.A. 2018 Supp. 22-3717(q); K.S.A. 2018 Supp. 21-6803(p). Because Kansas court do not credit excess imprisonment served against postrelease supervision, 284 Kan. at 360, we cannot credit Nelson's postrelease supervision period with his excess penal time.

Additionally, we note that Nelson's sentence is not otherwise illegal. Three circumstances make a sentence illegal: (1) when a court without jurisdiction imposes it; (2) when it does not conform to the applicable statutory provision, either in character or punishment; or (3) when it is ambiguous to the time and manner in which it is to be served. K.S.A. 2018 Supp. 22-3504(3). Nelson does not argue that any of these apply here.

Affirmed.