NOT DESIGNATED FOR PUBLICATION

No. 120,981

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT WHEELER,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 3, 2020.
Affirmed.

*William F. Dunn*, of Kansas City, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Inmate Brett Wheeler filed a habeas corpus petition in Wyandotte County District Court. The district court construed the petition as seeking relief under K.S.A. 60-1501 and summarily denied it for lack of jurisdiction because Wheeler was imprisoned in Leavenworth County and K.S.A. 60-1501 petitions must be filed in the county of imprisonment. Wheeler appeals, arguing that his petition sought relief available under K.S.A. 60-1507 and he properly filed it in Wyandotte County because his argument is based on his illegal imprisonment after completing his Wyandotte County sentence.

1

We disagree and note that Wheeler is pursuing a substantively identical claim in Leavenworth County District Court, so we affirm the district court.

FACTS

Wheeler has a long and complicated history with Kansas courts, and the facts and procedural history leading to this appeal are well known to the parties and have been detailed in previous opinions from this court. See *Wheeler v. State*, No. 120,189, 2020 WL 34552 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* February 3, 2020; *Wheeler v. State*, No. 121,146, 2019 WL 4891996 (Kan. App. 2019) (unpublished opinion); *Wheeler v. Kansas Prisoner Review Bd.*, No. 113,756, 2015 WL 9302902 (Kan. App. 2015) (unpublished opinion); *State v. Wheeler*, No. 111,245, 2015 WL 1947196 (Kan. App. 2015) (unpublished opinion); *Wheeler v. Kansas Prisoner Review Bd.*, No. 108,762, 2013 WL 1729276 (Kan. App. 2013) (unpublished opinion); *Wheeler v. State*, No. 102,302, 2010 WL 1078469 (Kan. App. 2010) (unpublished opinion); *Wheeler v. Feleciano*, No. 100,478, 2008 WL 5401493 (Kan. App. 2008) (unpublished opinion); *Wheeler v. State*, No. 94,762, 2006 WL 2043190 (Kan. App. 2006) (unpublished opinion); *State v. Wheeler*, No. 91,094, 2004 WL 1784544 (Kan. App. 2004) (unpublished opinion).

For this appeal, the pertinent facts are that in July 1987, the Shawnee County District Court sentenced Wheeler to 4 concurrent terms of 10 years to life. Over the next 18 years, Wheeler was released on parole, returned to prison for violating the conditions of his parole, and again released on parole. During some periods of parole, Wheeler committed additional crimes.

In May 2005, under a plea agreement, Wheeler pled no contest to a crime he committed while on parole in Wyandotte County, and the Wyandotte County District Court sentenced him to 24 months' imprisonment and 12 months' postrelease supervision.

The journal entry of judgment ordered the sentence to run "[c]onsecutive to 86CR2627 from Shawnee County; however, it is the court's intention to give the defendant credit for time spent incarcerated from October 11, 2002, to May 2, 2005, as time served on this case." 2019 WL 4891996, at *1. Between August 2005 and April 2018, Wheeler was again paroled, violated the terms of his parole, and was reincarcerated.

On November 29, 2018, Wheeler filed a pro se motion in Wyandotte County District Court. The form motion did not specify whether Wheeler sought relief under K.S.A. 60-1501 or 60-1507, but it asserted that he was being illegally imprisoned at Lansing Correctional Facility in Leavenworth County. Wheeler argued that because his Wyandotte County sentence was ordered to run consecutive to his prior Shawnee County sentence and his Wyandotte County sentence began on October 11, 2002, his Shawnee County sentence must have ended by that date. He also alleged in the motion that his counsel provided ineffective assistance by "fail[ing] to ensure that . . . the sentence imposed in [Wyandotte County] was executed [*sic*] in accordance" with the law.

Construing the motion as seeking relief on ineffective assistance of counsel grounds, the State responded on January 3, 2019, arguing that Wheeler's motion was moot and that the Wyandotte County District Court lacked jurisdiction to consider the motion because Wheeler's Wyandotte sentence "has already been executed and served." Wheeler then filed a pleading entitled "Petitioner's Additional Authority," in which he asked the district court "to issue an authoritative command directing the [State] to execute the 12 months post-release supervision sentence" in the Wyandotte County case.

The district court issued its written order denying Wheeler's motion on January 9, 2019. Among other things, the district court construed Wheeler's petition as seeking relief under K.S.A. 60-1501 because it challenged his continuing confinement and, as such, the district court held that it should have been filed in Leavenworth County, the county of Wheeler's imprisonment. Citing *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d

3

1211 (1994), the district court also noted that "if the KDOC is failing to follow a statutory requirement an action is to be reviewed in the county where the movant is being confined via a writ of mandamus." Thus, the district court ruled that it lacked jurisdiction to consider Wheeler's motion, and it denied the motion. Wheeler timely appealed and the district court appointed counsel to represent him on appeal.

ANALYSIS

On appeal, Wheeler contends that his petition sought relief under K.S.A. 60-1507, so the district court erred in finding that he sought relief only available through K.S.A. 60-1501 or a petition for a writ of mandamus. Without fully explaining how his petition arises under K.S.A. 60-1507, Wheeler directs our attention to K.S.A. 2019 Supp. 22-3427(a), which requires county sheriffs "to cause" anyone criminally convicted and sentenced to confinement "to be confined in accordance with the sentence." He argues that "[w]here that is not occurring, . . . [Wheeler] may petition the Wyandotte County District Court to address and correct the situation." And he contends that "[a] plain reading of K.S.A. 60-1507 appears to countenance his motion."

In response, the State argues that this court's October 2019 opinion in *Wheeler v. State* renders the present appeal moot. In the alternative, the State argues that the district court correctly found that it lacked jurisdiction to consider Wheeler's motion, which should have been brought as a K.S.A. 60-1501 motion in Leavenworth County.

As the State points out, in October 2019, this court considered a similar appeal involving Wheeler. *Wheeler*, 2019 WL 4891996, at *1. That case concerned a petition for habeas corpus relief Wheeler had filed in December 2018 in Leavenworth County District Court. Like the Wyandotte County motion underlying this appeal, Wheeler's Leavenworth County petition argued that he was being wrongfully imprisoned because the consecutive nature of the sentence in the Wyandotte County case meant that "his

4

indeterminate life sentence imposed in the Shawnee County case necessarily 'had to be terminated before [he] could serve his sentence for the Wyandotte County case." 2019 WL 4891996, at *1. The Leavenworth County District Court construed the petition as "arising under K.S.A. 60-1507 and dismissed it for lack of jurisdiction, finding that Wheeler filed the proceeding in an improper venue." 2019 WL 4891996, at *2.

On appeal, we reversed the district court's judgment and remanded for further proceedings with the following analysis:

"Although K.S.A. 60-1501 petitions and K.S.A. 60-1507 motions both start civil habeas corpus proceedings, they serve different purposes. A prisoner seeking to collaterally attack his or her sentence must file a motion under K.S.A. 60-1507, while a K.S.A. 60-1501 petition is for challenging the conditions of confinement. *White v. Shipman*, 54 Kan. App. 2d 84, 91, 396 P.3d 1250 (2017). A person must file a K.S.A. 60-1507 motion in the county of the court that sentenced the person, while a person must file a K.S.A. 60-1501 petition in the county in which the person is confined. See K.S.A. 2018 Supp. 60-1501(a); K.S.A. 2018 Supp. 60-1507(a).

"When Wheeler filed his habeas corpus petition in Leavenworth County, he was an inmate at Lansing Correctional Facility in Leavenworth County. But the courts that imposed the sentences germane to his current claims were in Shawnee County and Wyandotte County. The district court construed Wheeler's petition as a motion arising under K.S.A. 60-1507 and dismissed it for lack of jurisdiction, finding that Wheeler filed the proceeding in an improper venue.

"'Courts are to interpret pro se pleadings based upon their contents and not solely on their title or labels. In construing pro se postconviction motions a court should consider the relief requested, rather than a formulaic adherence to pleading requirements.' *State v. Redding*, 310 Kan. 15, 444 P.3d 989, 993 (2019). This court exercises unlimited review over whether a district court properly construed a pro se pleading. 444 P.3d at 993. Likewise, whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

'In a K.S.A. 60-1507 proceeding, an inmate is challenging the criminal proceedings which resulted in his or her confinement. . . . In the case of a K.S.A. 60-1501

5

petition, however, an inmate is challenging the conditions of his or her current confinement.' *White*, 54 Kan. App. 2d at 91; see also *Beard v. Maynard*, 223 Kan. 631, 634, 576 P.2d 611 (1978) (holding K.S.A. 60-1507 'has no application' where 'the petitioner is not attacking the validity of a sentence').

"Wheeler's habeas corpus petition did not allege that the district courts illegally imposed the sentences or that there was some defect in the proceedings that led to the imposition of his sentences. Rather, he claimed that he is being illegally confined despite having completed his sentences of imprisonment. This court has recognized that '[c]hallenges to the mode or condition of confinement, including administrative actions of the correctional institution—like calculating the end date for indeterminate sentences that are aggregated—should be brought under K.S.A. 60-1501.' *Holloway v. State*, No. 100,907, 2009 WL 2436689, at *2 (Kan. App. 2009) (unpublished opinion). See also [*Safarik*, 20 Kan. App. 2d at 67] ('[A] 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution.').

"Wheeler's petition raises an issue properly brought under K.S.A. 60-1501, not K.S.A. 60-1507. See *Davis v. Simmons*, 31 Kan. App. 2d 556, 558-59, 68 P.3d 160 (2003) (addressing merits of K.S.A. 60-1501 petition that argued the KDOC had impermissibly extended incarceration); *Muir v. Bruce*, 28 Kan. App. 2d 482, 483-87, 18 P.3d 247 (2001) (same). We find the district court erred as a matter of law by construing Wheeler's petition as seeking relief under K.S.A. 60-1507. Wheeler properly filed his habeas corpus petition in the county of his imprisonment, and the district court erred by dismissing it for lack of jurisdiction." *Wheeler*, 2019 WL 4891996, at *2-3.

The reasoning we applied in 2019 WL 4891996 remains sound and applies here. Wheeler's Wyandotte County motion alleged that he is being illegally confined despite having completed his sentences of imprisonment—an issue properly brought under K.S.A. 60-1501, not K.S.A. 60-1507—and K.S.A. 60-1501 proceedings must be filed in the county of imprisonment. Because Wheeler was incarcerated in Leavenworth County when he filed his motion, Wyandotte County lacked jurisdiction to consider the motion.

6

The mandate in 2019 WL 4891996 was issued on November 12, 2019, meaning that case has been remanded to Leavenworth County District Court to address the merits of Wheeler's claim. As we have discussed, the argument Wheeler made in his prior case concerning the consecutive nature of his sentences is the same as the argument he makes here. Thus, Wheeler is not without an avenue to pursue the merits of his claim.

Affirmed.