(571 P.2d 78)
No. 48,739

STATE OF KANSAS, *Appellee,* v. RAYMOND SNOOK, *Appellant.*

Opinion filed September 2, 1977.

*Stephen W. Kessler,* of Legal Services for Prisoners, Inc., of Topeka, for appellant.

*Randy L. Baird,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Gene Olander,* district attorney, for appellee.

Before FOTH, P.J., ABBOTT and REES, JJ.

FOTH, J.: The issue in this case is whether time spent under supervised probation must be credited as time served on the sentence in the event probation is revoked. The question has not been litigated under the present sentencing code. The trial court denied appellant's motion to correct his sentence by crediting him for time served on probation. We affirm.

On September 13, 1973, the appellant pleaded guilty to the felony of giving a worthless check, a violation of K.S.A. 21-3707. The court sentenced him to a term of from one to five years and placed him on probation. In January, 1974, he was arrested for violating that probation, probation was revoked, and he was sent to the Kansas Reception and Diagnostic Center. In April, 1974, appellant was again released on probation. In August, 1974, he was again arrested for violating the terms of the probation and, after the probation was revoked by the court, placed in the custody of the Secretary of Corrections. Appellant was given credit for time spent in custody pending disposition of the case, including time spent at Kansas Reception and Diagnostic Center, and asks only that he be credited for time spent on probation.

Appellant first argues that our statutes require that time spent on probation be credited on the sentence. Our review of the statutes, however, leads us to conclude that the legislature did not intend that probation time be counted toward service of the sentence. K.S.A. 22-3716(2) provides that "[i]f the violation [of probation] is established, the court may continue or revoke the probation or suspension of sentence, and *may require the defendant to serve the sentence imposed,* or any lesser sentence, and,

if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." (Emphasis added.) The emphasized language on its face authorizes the court to require service of the sentence in full, without regard to time spent on probation. The authority to require service of "any lesser sentence" would *permit* the court to give consideration to time spent on probation, but does not require it. Although the statute is very specific in authorizing alternative dispositions if the violation is established, it is silent concerning mandatory credit for time served on probation. Following generally accepted rules of statutory construction, the court presumes that such silence was not due to mere oversight but rather was the intended result of the legislature.

This presumption is strengthened by the fact that the legislature explicitly provided for credit in three other situations. K.S.A. 21-4614 requires that credit be given for all time spent in jail prior to conviction, and K.S.A. 22-3722 requires that any time served on parole be counted toward fulfillment of the sentence. K.S.A. 22-3716 provides that the court may count toward completion of the *term of probation* any time between the issuing of a warrant for probation violation and the arrest. Following the maxim *expressio unius est exclusio alterius,* the court concludes that the legislature intended to exclude credit on the sentence for time served on probation.

Alternatively, appellant argues that the constitutional prohibition against double jeopardy requires that credit be given for time on probation. Appellant accurately points out that the double jeopardy clause of the Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed.2d 707, 89 S.Ct. 2056 (1969). Appellant urges as controlling here the proposition of *North Carolina v. Pearce,* 395 U.S. 711, 23 L:Ed.2d 656, 89 S.Ct. 2072 (1969), that the guarantee against double jeopardy is violated when punishment already exacted for an offense is not fully credited on one's sentence. This case, however, is distinguishable from the *Pearce* case in that *Pearce* did not involve the imposition of a single scheme of rehabilitation relating to the same conviction, but rather a resentencing upon reconviction after the original conviction had been set aside and a new trial ordered. Imprisonment clearly is punishment and time served on a prior conviction for

the same offense must be credited toward fulfillment of the sentence. As the Kansas Supreme Court has indicated, however, probation represents a grace period during which the defendant has the opportunity to demonstrate that rehabilitation can be achieved without incarceration. See, *In re Patterson,* 94 Kan. 439, 146 Pac. 1009; *In re Henry Millert, Petitioner,* 114 Kan. 745, 220 Pac. 509; *In re McClane,* 129 Kan. 739, 284 Pac. 365. The court stated in *In re Millert, Petitioner,* supra at 747, "The term of parole [by the court] is one of probation, offered the delinquent as a substitute for punishment in the usual way. One who accepts the substitute does so subject to all the conditions imposed by law and by the court." When the petitioner in that case failed to satisfy all of the conditions of parole he was subject to confinement under the original sentence "precisely as though no parole had been granted." (*Id.*) See also, *In re McClane,* supra, where the court refused to allow credit for time served in jail as a condition of probation; and *Bowers v. Wilson,* 143 Kan. 732, 56 P.2d 1212, where the court denied petitioner credit for time spent on probation.

Other courts presented with this issue have held, as we do, that the guarantee against double jeopardy does not require that time spent on probation be counted toward service of the sentence. *Gillespie v. Hunter,* 159 F.2d 410 (10th Cir. 1947); *State v. Fuentes,* 26 Ariz. App. 444, 549 P.2d 224 (1976); *State v. Wills,* 69 Wis. 2d 489, 230 N.W.2d 827 (1975); *State v. Tritle,* 15 Ariz. App. 325, 488 P.2d 681 (1971).

Affirmed.