No. 86,437

SHELIA D. HUDSON, *Appellee*, v. STATE OF KANSAS, *Appellant*.

(42 P.3d 150)

Opinion filed March 15, 2002.

*Julie Riddle*, El Dorado Correctional Facility, was on the brief for appellant.

*Libby Snider*, assistant appellate defender, *Randall L. Hodgkinson*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Pursuant to K.S.A. 21-4608(f)(5), petitioner Shelia Hudson received no credit for time spent on parole on the aggregate sentence imposed when she committed a new offense while on parole. The district court granted relief under K.S.A. 60-1507, finding that the denial of credit was a violation of the United States Constitution's prohibition against double jeopardy and its require-

ment of due process and that K.S.A. 21-4608(f)(5) conflicts with K.S.A. 22-3722.

Our question is whether K.S.A. 21-4608(f)(5) is unconstitutional as a violation of the Fifth Amendment guarantee against double jeopardy and guarantee of due process and whether it conflicts with K.S.A. 22-3722.

The statute in question, K.S.A. 21-4608(f)(5), states:

"When consecutive sentences are imposed which are to be served consecutive to sentences for which a prisoner has been on probation, assigned to a community correctional services program, on parole or on conditional release, the amount of time served on probation, on assignment to a community correctional services program, on parole or on conditional release shall not be credited as service on the aggregate sentence in determining the parole eligibility, conditional release and maximum dates, except that credit shall be given for any amount of time spent in a residential facility while on probation or assignment to a community correctional residential services program."

On August 21, 1981, in Case No. 81CR418, Shelia Hudson received an indeterminate sentence of 2 to 10 years on a forgery charge. Defendant's subsequent motion to modify the sentence was granted. The sentencing judge reduced her term to 1 to 10 years' incarceration. Approximately 9 years later, while on parole for the forgery charge, Hudson was convicted of possession of cocaine in 91CR1391. Hudson was sentenced to an indeterminate term of 3 to 10 years for possession of cocaine. The sentencing journal entry was silent as to 81CR418.

Hudson's sentence was aggregated, giving her a controlling sentence of 4 to 20 years. Although Hudson spent approximately 9 years on parole for forgery in 81CR418, pursuant to K.S.A. 21-4608(f)(5) she received no credit for "street time," *i.e.,* time while on parole not spent in a residential facility or assigned to a community correctional residential services program.

Pursuant to K.S.A. 60-1507, Hudson filed a habeas corpus action in district court, claiming that in calculating her term of confinement she should be given credit for time spent on parole. The district court granted relief, ruling that because parole is time served in custody it violated the constitutional prohibition against double jeopardy to force Hudson to serve the time in prison that

she had previously served on parole. The court also ruled that it violated due process when time spent on parole was automatically forfeited.

After the State filed a motion to alter or amend, the district court additionally ruled that K.S.A. 21-4608(f)(5) and K.A.R. 44-6-138(g) violate a prisoner's constitutional rights when the statute and regulation conflict with K.S.A. 22-3722, which states the period served on parole or conditional release shall be deemed as serving of the term of confinement. The State appealed. Our jurisdiction is under K.S.A. 22-3601(b)(2).

The constitutionality of a statute is a question of law, over which we exercise an unlimited standard of review. *State v. Myers*, 260 Kan. 669, 676, 923 P.2d 1024 (1996). When reviewing the constitutionality of a statute, we must keep in mind the following:

" 'The constitutionality of a statute is presumed. All doubts must be resolved in favor of its validity, and before the act may be stricken down it must clearly appear that the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it. If there is any reasonable way to construe the statute as constitutionally valid, that should be done. A statute should not be stricken down unless the infringement of the superior law is clear beyond substantial doubt.' [Citation omitted.]" *State v. Scott*, 265 Kan. 1, 4, 961 P.2d 667 (1998) (quoting *State v. Bryan*, 259 Kan. 143, Syl. ¶ 1, 910 P.2d 212 [1996]).

## Double Jeopardy

The Fifth Amendment guarantee against double jeopardy protects an individual against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). The Fifth Amendment guarantee against double jeopardy is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969).

The State contends that Hudson is not being punished twice for the same offense but is serving an enhanced sentence for possession of cocaine in 91CR1391. The State notes that Hudson's original sentence in 81CR418 for forgery remains 1 to 10 years.

In *Thomas v. Hannigan*, 27 Kan. App. 2d 614, Syl. ¶ 6, 6 P.3d 933 (2000), the Court of Appeals reasoned that the enhancement provisions of K.S.A. 21-4608(f)(5) were triggered by a new criminal offense and not punishment for behavior committed prior to the enactment of the statute. Although the *Thomas* decision concerned an ex post facto challenge, the State suggests the same reasoning is applicable to find no double jeopardy.

Hudson asserts that other courts have held that the constitutional prohibition against double jeopardy applies to the failure to credit time served on parole against the underlying sentence. She notes that Kansas courts have held that time spent on parole is to be credited against the time of confinement and that this is also recognized by the legislature in K.S.A. 22-3722. Hudson concludes that where time on parole is deemed service on the time of confinement, that time must be credited to the original sentence, and that any enhancement suggested by the State is enhancement of the original sentence and a violation of double jeopardy.

In actuality, a majority of jurisdictions that have addressed this issue have found that credit for street time or time on parole after a revocation of the parole can be forfeited without running afoul of the double jeopardy prohibition. *Lashley v. State of Fla.*, 413 F. Supp. 850, 852 (M.D. Fla. 1976); *Hill v. State*, 22 P.3d 24, 29 (Alaska App. 2001); *Segarra v. State*, 430 So. 2d 408, 413 (Miss. 1983); *Gundy v. Pa. Bd. of Prob. and Parole*, 82 Pa. Comw. 618, 622, 478 A.2d 139 (1984); *Gaito v. Pa. Bd. of Probation and Parole*, 488 Pa. 397, 401-02, 412 A.2d 568 (1980); *State ex rel. Ludtke v. DOC*, 215 Wis. 2d 1, 14, 572 N.W.2d 864 (Wis. App. 1997). Similarly, federal courts interpreting 18 U.S.C. § 4205, which prior to being repealed in 1976 provided that federal prisoners who violated their parole would serve the unexpired terms of their sentences without credit for time on parole, determined that the failure to credit time on parole does not violate double jeopardy. *Willis v. Meier*, 435 F.2d 852, 854 (9th Cir. 1970); *Hodge v. Markley*, 339 F.2d 973, 975 (7th Cir.), *cert. denied* 381 U.S. 927 (1965). Therefore, the validity of denial of parole credit has been almost universally recognized both in federal and state decisions.

For support, Hudson relies on *Conner v. Griffith*, 238 S.E.2d 529 (W.Va. 1977). However, we note the majority in *Conner* found that the statute providing discretionary credit for time on parole, if revoked, violated only the Double Jeopardy Clause of the West Virginia Constitution, Article III, Section 5. 238 S.E.2d at 690.

Parole is a privilege, not a constitutional right. *Parker v. State*, 247 Kan. 214, 217, 795 P.2d 68 (1990). Credit for time spent in jail in determining the service of the term of confinement is wholly a matter of statute. *State v. Babcock*, 226 Kan. 356, 358, 597 P.2d 1117 (1979). In *Segarra*, the court stated:

> "The mere passage of days with one's liberty in fact restricted does not necessarily count as time served on one's sentence. What is and what is not a criminal's expiating punishment is a creation of law. Which days count, and which days do not is likewise determined by law. The fact of restriction, no matter how real, counts for nothing unless the law says otherwise." 430 So. 2d at 410.

States that uphold the forfeiture or grant of credit for time spent in determining a prisoner's term of confinement on parole generally do so based on that state's statutes. See, *e.g.*, *Segarra*, 430 So. 2d at 410 (Miss.); *Gaito*, 488 Pa. 401-02; *Ludtke*, 215 Wis. 2d at 11.

When determining a prisoner's term of confinement courts have relied on the analogous situation of the court's statutory power to grant probation and whether to give credit for time spent on bail when revoking probation.

> "Just as a sentence of probation requires that some portion of the defendant's imprisonment or fine be suspended, so parole requires the conditional forgiveness of jail time and the possibility that this jail time might be re-imposed." *Hill*, 22 P.3d at 27.

> "A person does not serve a prison sentence while on probation or parole any more than he does while free on bail. In both instances, there are certain restrictions generally on the person's movements but the person's condition, as the Court observed in *Morrissey v. Brewer*, (1972) 408 U.S. 471, 482, 92 S. Ct. 2593, 2601, 33 L. Ed. 2d 484 is 'very different from that of confinement in a prison.' " *Hall*, 529 F.2d at 992.

In the case of probation, the Kansas Court of Appeals reviewed K.S.A. 22-3716(2) (Weeks) and held that giving the court discretion to require the defendant to serve a sentence in full without regard

to time spent on probation if a violation of probation is established did not violate the Double Jeopardy Clause of the Fifth Amendment. *State v. Snook*, 1 Kan. App. 2d 607, 609, 571 P.2d 78 (1977). The *Snook* court stated:

"As the Kansas Supreme Court has indicated, however, probation represents a grace period during which the defendant has the opportunity to demonstrate that rehabilitation can be achieved without incarceration. See, *In re Patterson*, 94 Kan. 439, 146 Pac. 1009; *In re Henry Millert, Petitioner*, 114 Kan. 745, 220 Pac. 509; *In re McClane*, 129 Kan. 739, 284 Pac. 365. The court stated in *In re Millert, Petitioner*, supra at 747, 'The term of parole [by the court] is one of probation, offered the delinquent as a substitute for punishment in the usual way. One who accepts the substitute does so subject to all the conditions imposed by law and by the court.' When the petitioner in that case failed to satisfy all of the conditions of parole he was subject to confinement under the original sentence 'precisely as though no parole had been granted.' (Id.) See also, *In re McClane*, supra, where the court refused to allow credit for time served in jail as a condition of probation; and *Bowers v. Wilson*, 143 Kan. 732, 56 P.2d 1212, where the court denied petitioner credit for time spent on probation." 1 Kan. App. 2d at 609.

The argument for awarding credit for time spent on parole is that a parolee is under such constraints that he or she is for all practical purposes under custody and, therefore, if the parolee is not credited with time spent on parole it constitutes multiple punishment. In *Faulkner v. State*, 22 Kan. App. 2d 80, 83, 911 P.2d 203, *rev. denied* 259 Kan. 927 (1996), the Court of Appeals, when determining whether the time an inmate spent on parole under an indeterminate sentence could be used to satisfy the postrelease supervision period of a sentence required to be converted pursuant to the Kansas Sentence Guidelines Act, concluded that time spent on parole is time spent in "custody" and is to be credited as service against the time of confinement. The court's finding was based on *Baier v. State*, 197 Kan. 602, Syl. ¶ 1, 419 P.2d 865 (1966), and K.S.A. 22-3722.

In *Baier*, before considering the habeas corpus motion, our court considered whether a movant who is released on parole is in "custody" within the meaning of K.S.A. 60-1507. 197 Kan. at 603-04. *Baier* found the rationale of the federal decisions, and particularly *Jones v. Cunningham*, 371 U.S. 236, 9 L. Ed.2d 285, 83 S. Ct. 373 (1963), authoritative bases for the court's conclusion that a prisoner

released on parole was in custody and could institute a K.S.A. 60-1507 proceeding. The *Baier* court stated:

> "In this state a parole is 'the release of a prisoner to the community by the parole board prior to the expiration of his term, *subject to conditions imposed by the board and to its supervision.*' (K.S.A. 62-2227, emphasis added.) If the conditions of the parole are violated by the parolee, he is brought before the board for a hearing, and in the event the violation is established, the board may revoke the parole. (K.S.A. 62-2250.) Although a parolee is not physically confined 'behind bars,' nevertheless he lacks the freedom of movement and activity enjoyed by the public generally. The right of the board to impose conditions and maintain supervision, all of which occur under the cloud of an unexpired sentence, places the parolee in the status of one whose freedom, in our opinion, is under significant restraint.
>
> "We therefore hold that a prisoner who institutes a 60-1507 proceeding, and is released on parole from the state penitentiary while his appeal from a denial of his motion by the district court is pending, remains in 'custody' within the purview of the statute." 197 Kan. at 606.

*Baier* and *Faulkner*, however, are inapplicable to the issue of custody as it arises in this case. Custody for purposes of determining credit against a sentence of incarceration and for purposes of standing for habeas corpus petitions are entirely different matters. See *Segarra*, 430 So. 2d at 411; *Willis*, 435 F.2d at 853 (concluding *Jones v. Cunningham* was limited to finding that parole is custody only for purposes of filing habeas corpus); see also *Anderson v. Corall*, 263 U.S. 193, 196, 68 L. Ed. 247, 44 S. Ct. 43 (1923) ("Mere lapse of time without imprisonment . . . does not constitute service of sentence.").

In *Young v. Com. Bd. of Probation and Parole*, 487 Pa. 428, 409 A.2d 843 (1979), an action challenging failure to give credit for time served on parole upon revocation of that parole, the Supreme Court of Pennsylvania addressed the argument that parole is a form of custody. The *Young* court concluded that such argument

> "ignores the fact that the denial of credit is based upon appellant's failure to comply with the restraints during the parole period. Certainly, if there is compliance with the terms of parole, appellant's time spent in that status satisfies the prison commitment. It is only where he has ignored the restraints, which appellant argues must be considered as a form of custody, that he can be recommitted without regard to the time spent in the parole status." 487 Pa. at 437.

## Conflict Between Statutes

Here, the district court found that as interpreted, K.S.A. 21-4608(f)(5) was an unconstitutional violation of a prisoner's due process rights because the statute conflicted with K.S.A. 22-3722. In *Faulkner*, the Court of Appeals also relied on the language in K.S.A. 22-3722 in concluding that time spent on parole is time spent in custody. 22 Kan. App. 2d at 83. K.S.A. 22-3722 provides in part:

> "The period served on parole or conditional release shall be deemed service of the term of confinement, and, subject to the provisions contained in K.S.A. 75-5217 and amendments thereto relating to an inmate who is a fugitive from or has fled from justice, the total time served may not exceed the maximum term or sentence. The period served on postrelease supervision shall vest in and be subject to the provisions contained in K.S.A. 75-5217 and amendments thereto relating to an inmate who is a fugitive from or has fled from justice. . . . The total time served shall not exceed the postrelease supervision period established at sentencing."

In construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

K.S.A. 22-3722 deals with satisfaction of release and not a revocation of parole after conviction for a new offense, which is the situation here. The issue in *Faulkner* was whether time spent on parole under an indeterminate sentence could be credited to the postrelease supervision period of a converted sentence. 22 Kan. App. 2d at 83. *Faulkner* did not discuss the interplay of K.S.A. 22-3722 with K.S.A. 21-4608(f)(5).

When compared, we note that K.S.A. 22-3722 does not conflict with K.S.A. 21-4608(f)(5). K.S.A. 21-4608(f)(5) covers the event of a consecutive sentencing to a sentence for which the prisoner has been on parole. Credit for time on parole is a matter of legislative grace and not a constitutional right. For the purposes of K.S.A. 21-4608(f)(5), Hudson was not in custody or incarcerated during her time on parole. Hudson's sentence in 81CR418 was not enhanced, her sentence in 81CR418 has always remained at 1 to 10 years'

incarceration. Under such circumstances, the denial of credit pursuant to K.S.A. 21-4608(f)(5) does not violate double jeopardy.

### Due Process

The Fifth and Fourteenth Amendments to the United States Constitution protect an individual's due process rights and prohibit the deprivation of a significant life, liberty, or property interest.

The district court determined that the automatic forfeiture of credit under K.S.A. 21-4608(f)(5) was a violation of due process. The State contends that the application of K.S.A. 21-4608(f)(5) was triggered by the commission of a new offense and that when Hudson received her due process rights relative to the new conviction and sentence in 91CR1391, she received the due process rights required.

Hudson argues she was entitled to due process when her liberty was revoked. See *State v. Miller*, 20 Kan. App. 2d 378, Syl. ¶ 4, 888 P.2d 399 (1995). Hudson, however, does not complain that she did not receive her basic procedural due process rights when her parole was revoked. When the due process argument was raised in *Lashley* under Florida law the court stated:

"[T]here is no right to parole: it is a matter of grace, not of right. [Citation omitted.] Similarly, under federal law, one is not entitled to parole, so that the denial of it does not require procedural due process. *Brown v. Lundgren*, 528 F.2d 1050 -53 (5th Cir. 1976). Despite the view of the dissent in *Brown v. Lundgren*, supra, at 1055, the holding was not that there is a distinction between federal rights and privileges with respect to parole. See *Lynch v. Household Finance Corp.*, 405 U.S. 538, 542, 92 S.Ct. 113, 116, 31 L.Ed.2d 424, 429 (1971). Rather, the holding of *Brown v. Lundgren* was merely the old and familiar principle of constitutional law that one who does not have something, and who has no right to demand it, has no right to procedural due process over a decision not to grant it to him.

"[I]f revocation of his parole is justified, an inmate has no right under federal or state law to insist upon having the time spent on parole, which was a matter of grace, credited to the time that he must serve on his sentence, which was always obligatory anyway. [Citations omitted.]" 413 F. Supp. at 851-52.

The forfeiture of credit for time spent on parole under K.S.A. 21-4608(f)(5) does not violate a prisoner's procedural due process rights.

The consequences of K.S.A. 21-4608(f)(5) did not affect Hudson until consecutive sentences were imposed for committing a new offense while on parole. Hudson had fair notice. The amendment was effective for nearly 8 years before she committed the act which triggered the application of the statute. No additional punishment was inflicted upon Hudson by virtue of K.S.A. 21-4608(f)(5). Hudson was returned to prison to complete her original sentence and her new sentence. There is no double jeopardy or due process issue.

K.S.A. 21-4608(f)(5) is not unconstitutional nor does it conflict with K.S.A. 22-3722.

Reversed.

DAVIS, J., not participating.

BRAZIL, S.J., assigned.