**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHELIA D. HUDSON,

        Plaintiff-Appellant,

v.

STATE OF KANSAS; JEFF SMITH, Corrections Manager I, Sentence Computation Unit; SHELLY STARR, Staff Attorney, Kansas Department of Corrections; KANSAS DEPARTMENT OF CORRECTIONS, Parole and Clemency Board,

        Defendants-Appellees.

No. 09-3157

(D. of Kan)

(D.C. No. 5:08-CV-03188-SAC)

## ORDER AND JUDGMENT[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Shelia D. Hudson,[1] a Kansas state prisoner, appeals the district court's

dismissal of her civil rights action brought under 42 U.S.C. § 1983. The district

court found that Hudson, proceeding *in forma pauperis* and *pro se*,[2] presented

only frivolous claims and therefore the court dismissed her case.

Finding no error by the district court, we likewise DISMISS Hudson's

appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and assess two

strikes against her under 28 U.S.C. § 1915(g).

## I. Background

Hudson's complaint centers on what she alleges is a miscalculation of her

prison sentence. In 1981, Hudson pleaded guilty to forgery and was sentenced to

between two and ten years, which was later reduced to between one and ten years.

Hudson was released on parole after serving less than two years in state prison.

In 1991, Hudson pleaded guilty to possession of cocaine and misdemeanor theft

for which she was sentenced to between three and ten years and a concurrent term

of one year, respectively. Because her cocaine possession and theft occurred

while she was still on parole, Hudson's 1981 and 1991 sentences were

---

[1] The Kansas state prison documents and Appellant's handwritten brief contain inconsistent spellings of Appellant's first name. Appellant's brief and the district court's decision refer to her as "Shelia D. Hudson," while the prison documents state her name as "Sheila D. Hudson." We refer to Appellant by the name given in her brief.

[2] We construe Hudson's allegations and pleadings liberally because she proceeds *pro se*. *Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006).

aggregated, producing a sentence of between four and 20 years in total. Hudson received credit for the prison time she had previously served but not her nine years of parole.

Hudson challenged the denial of parole credit on double jeopardy grounds in state court. On appeal, the Kansas Supreme Court upheld the denial of credit for the time she spent on parole. *Hudson v. State*, 273 Kan. 251, 255 (2002). Hudson then petitioned for a writ of habeas corpus in federal district court. The district court dismissed the petition because it found the "law is clear that there is no federal constitutional right to the reduction of a sentence of a parole violator for the time spent on parole." *Hudson v. Koener*, No. 02-3116-RDR, 2003 WL 22003094, at *2 (D. Kan. June 25, 2003). This court affirmed the district court's judgment.

Hudson in this case refashions her complaint as a civil rights action under 42 U.S.C. § 1983. She alleges that the computation of her prison sentence is an ex post facto punishment, *see* U.S. Const. art. I, § 9, cl. 3, cruel and unusual punishment, *see* U.S. Const. amend. VIII, and a violation of equal protection, *see* U.S. Const. amend. XIV, § 1. Hudson contends that her sentence should be reduced by the number of years she spent on parole. The district court dismissed Hudson's civil rights complaint as frivolous under 28 U.S.C. § 1915A(b).

## II. Discussion

We review a district court's dismissal of a frivolous claim for an abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997). We discern no error by the district court.

The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law. *Id*. at 78.

Hudson's action plainly is contrary to the Court's holdings in *Preiser* and subsequent case law. Her § 1983 claim directly challenges the duration of confinement and seeks a shorter sentence based on her proposed re-calculation of time served. Because of this, the district court provided her with an explanation that the cause of action lacked merit. Citing *Preiser*, the district court concluded Hudson's action "must be treated as one under 28 U.S.C. § 2241," and it ordered her to show cause why it should not be treated as a petition for writ of habeas corpus. *Hudson v. Kansas*, No. 08-3188, at 7–8 (D. Kan. Aug. 29, 2008) (show cause order). Hudson responded by rearguing the merits of her claim. As to the form of her action, Hudson insisted that it be treated as a civil rights appeal so as

"not to [be] dismiss[ed] as successive and abusive under 2241. . . ." Response to Order to Show Cause, *Hudson v. Kansas*, No. 08-3188, at 5 (D. Kan. Sept. 28, 2008).

A complaint or appeal is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Hudson has provided no rational argument for why her action should proceed under § 1983. Our review of relevant precedent demonstrates, in fact, that her action clearly is improper under § 1983 and her appeal is frivolous. *See, e.g.*, *Wilkinson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

### III. Conclusion

Accordingly, we dismiss the appeal as frivolous, and assess two strikes against Hudson under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

Finally, we grant Hudson's motion to proceed without prepayment of the appellate filing fee, and we remind Hudson of her obligation to continue making partial payments of the fee until the entire balance is paid in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge