NOT DESIGNATED FOR PUBLICATION

No. 116,254

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONY T. LEWIS,
*Appellant*,

v.

JAMES HEIMGARTNER, *et al.*,
*Appellees*.


MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS and DAVID A. RICKE, judges. Opinion filed January 27, 2017. Affirmed.

*M. Blake Cooper*, of Cooper Law Offices, LLC, of Andover, for appellant.

*Fred W. Phelps, Jr.*, legal counsel, of Kansas Department of Corrections, for appellees.

Before BRUNS, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: J. Black, a female corrections officer at the El Dorado Correctional Facility, observed inmate Tony T. Lewis in his prison cell violating what the officer believed was a published rule and committing a lewd act. Officer Black filed a disciplinary report, and, after a hearing held at the facility, Lewis was found guilty of violating K.A.R. 44-12-1002 (published rule) and K.A.R. 44-12-315 (lewd acts). Lewis thereafter filed a petition for writ of habeas corpus under K.S.A. 2015 Supp. 60-1501 in the Butler County District Court. The district court summarily dismissed Lewis' petition, and he appeals. Upon our review, we find no reversible error and we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2015, Officer Black filed a disciplinary report about the incident she witnessed earlier in the day:

"I did an accountability check. Upon looking into cell L-413 I observe[d] a sheet that was hanging from the ladder of the bunk to around the toilet/desk area creating a wall. The overhead light in the cell was off, but I could clearly see Offender Lewis standing up facing the wall that has the desk on it with his erect penis in his hand, manipulating it. Due to his desk lamp being positioned behind him it caused a silhouette on the sheet which I feel was his intent to cause me to see him. It is also a violation of published cell house rules to hang anything to block the view of the cell. Therefore I charge Offender Lewis . . . with [K.A.R.] 44-12-1002 violation of published orders and [K.A.R.] 44-12-315 lewd acts."

At the disciplinary hearing, Officer Black and Lewis testified about the incident. At the conclusion of the hearing, the hearing officer found that Lewis had violated K.A.R. 44-12-1002, published orders, a class 2 offense; and K.A.R. 44-12-315, lewd acts, a class 1 offense. Lewis received a $5 fine for his violation of published orders and a $15 fine and 30 days of disciplinary segregation for his lewd acts violation. Upon Lewis' appeal, Warden Heimgartner approved the hearing officer's decisions. Lewis then appealed to the Secretary of Corrections who approved the hearing officer's disposition.

Thereafter, Lewis filed a petition for writ of habeas corpus under K.S.A. 2015 Supp. 60-1501. Judge John E. Sanders summarily dismissed Lewis' petition reasoning that the "[h]earing officer [was] in [a] better position to assess [the] veracity of witnesses and decide [the] intent of the parties." The district judge also concluded that "some evidence" supported Lewis' convictions. Upon receipt of the adverse judgment, Lewis filed a motion to reconsider. Another jurist, Chief Judge David A. Ricke, independently

2

reviewed Lewis' petition and materials in support, and denied the motion to reconsider. Lewis filed this timely appeal.

SUFFICIENCY OF EVIDENCE

At the outset, it is necessary to summarize our standards of review and rules relating to the summary dismissal of K.S.A. 2015 Supp. 60-1501 petitions. Appellate courts exercise unlimited review when considering a summary dismissal. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). Generally, "[t]o avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. Even if a petitioner alleges the deprivation of a constitutional right, K.S.A. 2015 Supp. 60-1503(a) requires summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." When determining whether this standard is met, "courts must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Lewis is claiming violations of the Due Process Clause of the United States Constitution. This clause protects a person from being deprived of a significant interest in life, liberty, or property without due process of law. *Hudson v. State*, 273 Kan. 251, 259, 42 P.3d 150 (2002). Whether due process has been afforded is a question of law over which appellate courts exercise unlimited review. *Johnson*, 289 Kan. at 649.

In the context of prison disciplinary proceedings, appellate courts perform a two-step analysis to determine whether a due process claim has been stated by the petitioner. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). First, courts determine whether the State has deprived the petitioner of life, liberty, or property. 37 Kan. App. 2d at 240. In this case, the State fined Lewis $5 for his violation of published orders and $15 for lewd acts. "The extraction of a fine . . . implicate[s] the Due Process

3

Clause even when . . . the State has taken only a small amount from an inmate's prison account." *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997). Consequently, with regard to the first step, Lewis has sufficiently alleged a violation of his constitutional rights and is entitled to due process of law. The second part of the analysis then examines "the extent and the nature of the process due," *Johnson*, 289 Kan. at 649, an inquiry we will consider next.

For his first issue on appeal, Lewis complains he was denied due process because there was insufficient evidence that he violated either K.A.R. 44-12-1002 or K.A.R. 44-12-315. Judge Sanders considered this issue and determined that he would not reweigh the evidence because the hearing officer was in a "better position to assess [the] veracity of witnesses and decide [the] intent of the parties." Judge Sanders concluded that "some evidence" supported the hearing officer's findings that Lewis had committed the two violations of prison rules.

For his part, in ruling on Lewis' motion to reconsider, Chief Judge Ricke filed a detailed order denying relief and stating:

> "This court agrees with the determinations made by the hearing officer . . . that there was sufficient evidence to sustain a finding that Lewis had been seen by an officer while Lewis was committing a lewd act (manipulating his erect penis) and violation of published cell house rules (hanging a sheet to attempt to block the view of his cell.)
> ". . . [D]ue process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority."

As the district court properly recited, in the context of inmate disciplinary proceedings due process requirements are satisfied if some evidence supports the correctional tribunal's decision. *Anderson*, 23 Kan. App. 2d at 807. When determining whether this standard is satisfied, appellate courts do not review the entire record, make

4

an independent assessment of witness credibility, or reweigh the evidence. The relevant question is simply whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016).

In this case, the State disciplined Lewis for violating K.A.R. 44-12-1002 (violation of published rules) and K.A.R. 44-12-315 (lewd acts). K.A.R. 44-12-1002 reads:

"Each violation of any published internal management policies and procedures of the secretary of corrections or any published orders of the warden of the facility shall be an offense of the class stated in the internal management policy and procedure or in the order itself."

For its part, K.A.R. 44-12-315(b) states:

"An inmate shall not intentionally expose or manipulate a sex organ with the knowledge or reasonable anticipation that the inmate will be viewed by others or with the intent to arouse or gratify the sexual desires of the inmate or another."

As summarized earlier, Officer Black's report stated that Lewis had a bed sheet hanging in his cell, that the cell's overheard light was off, and that she could see Lewis' silhouetted form "with his erect penis in his hand, manipulating it." The hearing officer found these facts sufficient to find "Lewis guilty of lewd acts [and] violation of published order as he was . . . masturbating in his cell silhouetted behind a bed sheet [with a] light on [and] preponderance of evidence."

The record supports the conclusion that Lewis violated K.A.R. 44-12-1002 and K.A.R. 44-12-315. See *May*, 304 Kan. at 674. Although Lewis claims "the record is completely devoid of what specific internal management policy and procedure it is alleged that Lewis . . . violated," Officer Black's report established that it is "a violation

5

of published cell house rules to hang anything to block the view of the cell." The officer's eyewitness testimony that Lewis had a bed sheet hanging which obstructed the view into his cell clearly supports the conclusion that Lewis violated a published internal management policy and, thus, violated K.A.R. 44-12-1002.

Officer Black's report similarly supports the hearing officer's conclusion that Lewis committed a lewd act in violation of K.A.R. 44-12-315. In his brief, Lewis does not deny that he had a bed sheet hanging in his cell, that his form was silhouetted against that sheet, or that he was manipulating his penis. Indeed, Lewis' argument at his disciplinary hearing was:  "It wasn't a lewd act. I wasn't masturbating. I was grooming myself putting baby powder on my genitals . . . . I had the sheet up for [Officer Black] not to see me."

Lewis' argument misreads K.A.R. 44-12-315(b). Here, the undisputed facts clearly established that Lewis' penis was exposed and manipulated, and that Lewis' backlit silhouetted form was clearly visible on the bed sheet hanging in his cell. Based on these facts, there is at least some evidence supporting the hearing officer's conclusion that Lewis could have reasonably anticipated his lewd manipulations would be seen by another, thus violating K.A.R. 44-12-315.

Upon our review of Lewis' K.S.A. 2015 Supp. 60-1501 petition and supporting materials, we hold there was some evidence to support the violations as found by the hearing officer and the two district judges.

LIMITATION ON LEWIS' CROSS-EXAMINATION OF OFFICER BLACK

Next, Lewis claims a due process violation because the district court erroneously failed to consider his claim that he was not provided the opportunity to fully cross-examine Officer Black during the disciplinary hearing.

6

At his disciplinary hearing, Lewis challenged Officer Black's statement that she "[felt it] was [Lewis'] intent to cause me to see him," and apparently asked, "How do you know for a fact what my intent was?" Lewis' petition relates that the hearing officer determined Lewis' question was irrelevant and he told Officer Black she did not have to answer. On appeal, Lewis contends the hearing officer's ruling deprived him of his due process right to fully cross-examine Officer Black.

In his order denying Lewis' motion to reconsider, Chief Judge Ricke ruled:

> "This court also rejects [Lewis'] claim that the hearing officer 'abused his discretion by not allowing [Lewis] to ask the reporting officer important and relevant questions to establish the facts of the case.' The court finds that even if such disallowance was error, such error was harmless. It clearly appears from the records of the case that [it] could be reasonably inferred that an inmate who engages in manipulation of his erect penis in his cell where such event could be viewed by a passing correctional officer had the requisite intent to commit the lewd act violation. The answer of the complaining witness to Lewis' proposed question essentially would have had the officer speculate about Lewis' subjective intent, and whatever answer may have resulted is unlikely to have made a difference in the ultimate outcome."

While an inmate is not entitled to the "full panoply of rights" due a criminal defendant, the United States Supreme Court has held that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 556, 566, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Kansas courts have held that an inmate's limited rights in a disciplinary hearing include "'"an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence."'" *Washington*, 37 Kan. App. 2d at 241.

7

There is abundant caselaw regarding an inmate's right to call witnesses at a disciplinary hearing. See *Manis v. Roberts*, No. 115,076, 2016 WL 4413951 (Kan. App. 2016) (unpublished opinion); *Johnson v. Roberts*, No. 114,162, 2016 WL 2810212 (Kan. App. 2016) (unpublished opinion). However, there is little authority regarding the extent to which an inmate may question those witnesses. Nevertheless, K.A.R. 44-13-403(n), which relates to conducting the disciplinary hearing, provides that witness testimony may be "reasonably and fairly restricted if [it]:  (1) Relates to something already disposed of; (2) is clearly irrelevant or immaterial; [or] (3) is repetitious of other testimony."

Under K.A.R. 44-13-403(n), the hearing officer in this case was within his discretionary authority when he disallowed Lewis' question. We think Chief Judge Ricke was correct when he evaluated the propriety of the question and concluded that it would essentially have called for speculation by Officer Black. The evidence of Lewis' lewd intent was circumstantial, and no one, other than Lewis (assuming he was truthful), could "know for a fact" what his subjective intent was during this incident. As a result, we find no due process deprivation in the hearing officer's ruling disallowing Lewis' question.

Moreover, assuming the hearing officer improperly limited Lewis' cross-examination in this instance, we find any error was harmless. When an error infringes on a person's constitutional rights, that error may be declared harmless if the party benefitting from the error persuades the court "beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, proves there is no reasonable possibility that the error affected the verdict." *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011).

Importantly, Lewis never denied that he had his "erect penis in his hand," nor did he ever argue that he was not "manipulating it." Lewis' defense was that he was "grooming" himself, not masturbating. Officer Black presented eyewitness evidence to the contrary. The hearing officer obviously discounted Lewis' testimony and found the

circumstantial evidence of Lewis' intent as viewed by Officer Black to be trustworthy. Under these circumstances, we cannot find that any error in the hearing officer's limitation on cross-examination would have affected the outcome of the hearing.

Affirmed.