NOT DESIGNATED FOR PUBLICATION

No. 116,554

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LARRY J. COMSTOCK,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed May 12, 2017.
Affirmed.

*M. Blake Cooper*, of Cooper Law Offices, LLC, of Andover, for appellant.

*Fred W. Phelps, Jr.*, legal counsel, of Kansas Department of Corrections, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*:  Inmate Larry J. Comstock appeals from the district court's summary
dismissal of his K.S.A. 2016 Supp. 60-1501 petition for writ of habeas corpus. Comstock
claims that (1) his disciplinary convictions were not supported by the evidence and (2)
the hearing officer refused to allow him to call witnesses to testify on his behalf at the
disciplinary hearing. But the disciplinary report constitutes some evidence to support the
hearing officer's conclusion that Comstock possessed dangerous contraband and tobacco
contraband, and Comstock has failed to present any evidence to establish that he actually
requested any witnesses to testify on his behalf at the disciplinary hearing. For these
reasons, we affirm the district court's decision to summarily dismiss his petition for relief.

1

On August 28, 2015, Comstock was cited for possession of dangerous contraband, in violation of K.A.R. 44-12-901, and possession of tobacco contraband, in violation of K.A.R. 44-12-903. The disciplinary report states that during a search of the common area of Comstock's prison cell, a correctional officer discovered "7 burnt pieces of pencil lead, 4 very small pieces of paper with a green leafy substance rolled up inside and a tooth paste cap with a black substance covering it," in addition to a "substantial" amount of ash on the floor. A copy of the disciplinary report was served on Comstock, and he pled not guilty.

A hearing took place on September 1, 2015. Prior to the hearing, Comstock signed an acknowledgment/waiver of rights form which indicated, in relevant part, that he had not submitted a request for witness form within 48 hours after receipt of the disciplinary report and that he waived his right to have the reporting officer testify. As a result, Comstock was the only witness to testify at the hearing. He testified as follows:  "The only green leafy substance that I know of that was in my cell was sage, [I]talian seasoning, and my cedar. The pencil lead—I did have a couple pieces of charcoal that was [*sic*] given to me for my drawings by another offender. I have no clue about anything else." The hearing officer found Comstock guilty of possession of dangerous contraband for the pieces of burnt pencil lead and guilty of possession of tobacco contraband for the green leafy substance. For each violation, Comstock received 30 days of disciplinary segregation, was fined $20, and suffered a loss of good-time credit. Comstock appealed, and Warden James Heimgartner approved the hearing officer's decision. Comstock then appealed to the Secretary of Corrections, who also approved the hearing officer's disposition.

At this point, Comstock filed a petition for writ of habeas corpus under K.S.A. 2016 Supp. 60-1501 with the Butler County District Court. Comstock argued, in relevant

part, that the evidence presented at the disciplinary hearing was insufficient to support the convictions and that the hearing officer violated his due process rights by refusing to let him call witnesses to testify on his behalf. Comstock attached to his petition an unsigned, undated witness request form that purported to request the presence of two corrections officers who would allegedly testify that they knew the contraband in question belonged to Comstock's cellmate.

The district court summarily dismissed Comstock's petition. The court held: "Some evidence supports conviction. It appears petitioner did not request witnesses and declined to question reporting officer." The court further stated: "Though test results were not available at hearing, later results confirmed presence of cann[a]bis. Evidence was sufficient ('some evidence') even without test results at hearing." The district court subsequently denied Comstock's motion to reconsider. Comstock timely appeals.

ANALYSIS

On appeal, Comstock argues the district court erred in summarily dismissing his K.S.A. 2016 Supp. 60-1501 petition. Specifically, he contends (1) there was insufficient evidence to support his convictions and (2) the hearing officer denied his requests to call witnesses to testify on his behalf at the disciplinary hearing. We address each of these allegations in turn.

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). However, even if a petitioner alleges the deprivation of a constitutional right, K.S.A. 2016 Supp. 60-1503(a) requires summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." "In determining if this standard is met, courts must accept the facts alleged by the inmate

3

as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Comstock's petition alleged violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This clause protects a person from being deprived of a significant interest in life, liberty, or property without due process of law. *Hudson v. State*, 273 Kan. 251, 259, 42 P.3d 150 (2002). Whether due process has been afforded is a question of law over which appellate courts exercise unlimited review. *Johnson*, 289 Kan. at 649.

In the context of prison disciplinary proceedings, appellate courts perform a two-step analysis to determine whether a due process claim has been stated by the petitioner. First, courts determine whether the State has deprived the petitioner of life, liberty, or property. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). Comstock was charged $20 for each of his offenses. "The extraction of a fine does implicate the Due Process Clause even when . . . the State has taken only a small amount from an inmate's prison account." *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997). Thus, Comstock has sufficiently alleged a violation of his constitutional rights and is entitled to due process of law. The second step of the analysis then examines "the extent and the nature of the process due." *Johnson*, 289 Kan. at 649.

*Sufficiency of evidence*

Comstock first contends that his disciplinary convictions were not supported by the evidence. In prison disciplinary proceedings, due process requirements are satisfied if some evidence supports the disciplinary board's decision; this standard is met if there was some evidence from which the board's conclusion could be made. *Washington*, 37 Kan. App. 2d at 246. When determining whether this standard is satisfied, appellate courts do not review the entire record, make an independent assessment of witness credibility, or

reweigh the evidence. The relevant question is simply whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016).

As summarized earlier, the disciplinary report stated that the correctional officer searching Comstock's cell located pieces of burnt pencil lead, paper with a green leafy substance rolled up inside, a toothpaste cap covered with a black substance, and a large amount of ash on the floor. The hearing officer found these facts sufficient to find Comstock guilty of possessing tobacco contraband, K.A.R. 44-12-903, and possessing "dangerous contraband," which includes "any item that, although authorized, is misused . . . [and] in its misused form has the characteristics of being able to cause damage or injury to persons or property." K.A.R. 44-12-901(a)(3).

Comstock claims that the evidence presented at the hearing was insufficient to support his guilt because no test results of any of the substances were presented, he only admitted to possessing seasonings and cedar, and there was no evidence offered indicating who else might have had access to the common area in his cell. But these arguments are no more than an invitation to reweigh the evidence, which we cannot do. See *May*, 304 Kan. at 674.

Comstock also alleges that the district court erroneously relied on test results that were not admitted at the hearing which confirmed the presence of cannabis in the green leafy substance. Contrary to Comstock's assertion, however, the district court did not rely upon these test results in making its ruling. Although the court noted the positive test results, it specifically stated that the "[e]vidence was sufficient ('some evidence') even without test results at hearing."

5

The disciplinary report constitutes some evidence to support the hearing officer's conclusion that Comstock possessed dangerous contraband and tobacco contraband. The district court's ruling on this issue is affirmed.

*Witnesses*

Comstock also alleges a due process violation based on the hearing officer's refusal to allow him to call witnesses to testify on his behalf at the disciplinary hearing. In denying relief on these grounds, the district court held that it did not appear that Comstock had requested any witnesses.

While a prison inmate is not entitled to the "full panoply of rights" due a criminal defendant, the United States Supreme Court has held that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his [or her] defense when permitting him [or her] to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 556, 566, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Washington*, 37 Kan. App. 2d at 241 (an inmate's limited rights in disciplinary hearing include opportunity to call witnesses).

Under the Kansas Administrative Regulations adopted by the Kansas Department of Corrections, an inmate is entitled to have witnesses called to testify on his or her behalf at disciplinary proceedings. K.A.R. 44-13-101(c)(5). To request a witness, an inmate must submit an authorized form that indicates the expected testimony from each requested witness. K.A.R. 44-13-306. The hearing officer may grant or deny an inmate's request to call a witness after balancing the inmate's interests with certain specified needs of the prison. See K.A.R. 44-13-307; K.A.R. 44-13-405a(a). The hearing officer has broad discretion to permit or deny a witness request. K.A.R. 44-13-405a(b). If a request is denied, the hearing officer must provide a written explanation on the record, either on the request form or in the disciplinary case record. K.A.R. 44-13-405a(e).

6

Comstock's claim that he was denied the opportunity to call witnesses to testify on his behalf is not supported by the record. Prior to the September 1, 2015, disciplinary hearing, Comstock signed an acknowledgment/waiver of rights form. Significantly, Comstock did not check the box indicating that he had submitted a request for witness form within 48 hours after receipt of the disciplinary report. Comstock's failure to do so provides a clear acknowledgment that he did not request any witnesses to testify on his behalf at the hearing. And there is no reference to Comstock requesting any additional witness testimony in the hearing officer's notes from the disciplinary hearing.

Comstock admits in his brief that "[t]he record is devoid of any mention of a request for a witness other than the written request made part of the record herein." This "written request" refers to the witness request form Comstock attached to his K.S.A. 2016 Supp. 60-1501 petition that purported to request the presence of two correctional officers who would allegedly testify that they knew the contraband in question belonged to Comstock's cellmate. But this form cannot be considered reliable evidence to support Comstock's assertion that the hearing officer denied his request for witnesses. The form is not signed or dated by Comstock or by the Housing Unit Staff and does not otherwise show that it was ever submitted to the Housing Unit Staff. Moreover, the form is not signed by the hearing officer and does not indicate whether the witness requests were approved or disapproved.

The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Based on the record before us, Comstock cannot show that he actually requested any witnesses to testify on his behalf at the disciplinary hearing. Therefore, the district court properly denied Comstock relief on this basis.

Affirmed.