NOT DESIGNATED FOR PUBLICATION

No. 120,303

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHERYL L. APPLEGATE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 14, 2020. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM:  In late 2016, the Sedgwick County District Court placed Defendant Cheryl L. Applegate on probation ostensibly for 60 months to allow her time to pay $72,000 in restitution, representing a fraction of what she embezzled from a former employer. For the first time on appeal, Applegate argued the probation period was too long and amounted to an illegal sentence. We agreed and remanded to the district court to impose a statutorily proper probation. The district court did so. Applegate now appeals, claiming her probation must have expired during her earlier appeal even though she still owes a substantial amount of restitution. We conclude Applegate has taken impermissibly

1

inconsistent positions by appealing the original probation and now claiming the probation somehow terminated during her appeal. We affirm the district court.

In explaining our ruling, we begin with a synopsis of Applegate's prosecution and her first appeal. Under a plea arrangement with the State, Applegate pleaded guilty to one count of theft of property worth between $1,000 and $25,000, a severity level 9 nonperson felony, and further agreed the State would not be limited to $25,000 in asking for restitution in conjunction with her sentencing. At the sentencing hearing, the district court received evidence on the loss the company suffered as a result of Applegate's embezzlement and determined the amount to be $171,000. The district court concluded a plan calling for Applegate to make full restitution would be unworkable. So the district court set restitution at $72,000 and determined Applegate could pay $1,200 a month toward that obligation. After considering that payment schedule, the district court placed Applegate on probation for 60 months with an underlying prison sentence of 5 months, reflecting the low guidelines term for a defendant without any relevant criminal history.

Applegate appealed, raising two issues. First, she argued the restitution amount could not exceed the $25,000 figure, establishing the upper limit for a severity level 9 felony theft. We rejected that argument as meritless, especially given the specific provisions in the plea agreement governing restitution. *State v. Applegate*, No. 116,947, 2018 WL 560196, at *2 (Kan. App. 2018) (unpublished opinion) (*Applegate I*), *rev. denied* 308 Kan. 1596 (2019). Next, for the first time on appeal, Applegate argued the 60-month probationary period constituted an illegal sentence because K.S.A. 2018 Supp. 21-6608(c)(3) mandates that a district court "shall order" a defendant to be placed on probation for up to 12 months for a severity level 9 or 10 nondrug felony conviction absent particularized findings that a longer period necessarily serves "the welfare" of the defendant or avoids "jeopardiz[ing]" the public safety, as set forth in K.S.A. 2018 Supp. 21-6608(c)(5). We construed the language of subsection (c)(3) to be mandatory, and the district court did not make findings invoking subsection (c)(5). Moreover, we recognized

2

that subsection (c)(7) permits a district court to extend a defendant's initial period of probation so long as restitution remains unpaid—the more specific statutory provision applicable to Applegate. We, therefore, vacated the 60-month probation and remanded to the district court to impose a lawful sentence. *Applegate I*, 2018 WL 560196, at *2-3.

Applegate then filed a petition for review with the Kansas Supreme Court addressing only our ruling on the amount of restitution, since she prevailed in challenging the length of her probation. The State did not file a cross-petition. The court denied review in August 2018.

During the appellate process—a process Applegate initiated and elongated—she remained on probation and apparently continued to make the scheduled restitution payments. When the district court resentenced Applegate in October 2018, she had been on probation for almost two years. Everybody agreed that she still owed a substantial amount of restitution at that time, although a specific figure was not mentioned on the record. The district court placed Applegate on probation for 12 months and reimposed the terms and conditions of probation that had been in effect, including the restitution payments. The district court turned aside an argument from Applegate's lawyer that she had already been on probation for more than 12 months and should be released from probation.

Applegate has now appealed and offers us the argument the district court rejected: Her probation, which initially should have been for 12 months, expired during her first appeal, so she could not have been continued on probation when the case returned to the district court. Applegate also casts the district court's decision to continue her probation as a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.

We dispose of the constitutional argument with some dispatch. The Kansas Supreme Court has held that parole, as a form of conditional release, does not entail punishment triggering the Double Jeopardy Clause and actually provides a form of leniency as an alternative to incarceration. *Hudson v. State*, 273 Kan. 251, 258-59, 42 P.3d 150 (2002). The *Hudson* court noted and relied on the similarity between probation and parole in that context. 273 Kan. at 256-57. This court has held that probation is not punishment for double jeopardy purposes. *State v. Snook*, 1 Kan. App. 2d 607, 608-09, 571 P.2d 78 (1977). In both *Hudson* and *Snook*, the courts held that the time a defendant spent on conditional release, i.e., probation or parole, did not have to be credited against the underlying prison sentence upon revocation of that release, since conditional release was not punishment for purposes of the double jeopardy prohibition on multiple punishments for the same criminal conviction. Those holdings govern here and undercut Applegate's constitutional argument. If a period of probation is not punishment under the Double Jeopardy Clause, serial periods of probation would not be prohibited multiple punishments.

As to the remaining contention that the probation period expired during the appeal, we find Applegate to be taking inconsistent positions running afoul of judicial estoppel principles. Broadly, notions of fair play preclude or estop a party from taking one legal position to achieve a favorable determination on an issue in a case and then taking an inconsistent position on that issue in an effort to win another favorable determination in that proceeding. See *State v. Hargrove*, 48 Kan. App. 2d 522, 548-49, 293 P.3d 787 (2013).

Applegate, of course, did not initially challenge the legality of the 60-month probation period in the district court, where it could have been promptly corrected. Rather, she raised the point for the first time on appeal and then extended the appeal by unsuccessfully seeking review in the Kansas Supreme Court on the proper amount of restitution. Throughout that time, Applegate complied with the terms and conditions of

4

the original probation. And she had yet to fulfill those terms and conditions, since she still owed restitution.

Despite her failure to promptly challenge the probationary period, Applegate asserted on remand that what would have been a proper probationary term had already expired. But had Applegate objected to the 60-month probationary period at her initial sentencing or immediately following in a motion to correct an illegal sentence, the district court presumably would have revised the time to conform to K.S.A. 2018 Supp. 21-6608(c)(3) and thereafter would have continued the probation under K.S.A. 2018 Supp. 21-6608(c)(7) because restitution remained unpaid. At the resentencing, the district court expressly said it would have continued Applegate's probation for that reason—a position fully consistent with its rationale in imposing a 60-month probation in the first place.

By choosing to litigate her challenge to the probation period in the appellate courts without presenting it to the district court, either before taking an appeal or afterward through a motion to remand to the district court for consideration of the illegal sentence issue in the first instance, Applegate could not later fairly claim the appropriate probation period expired during the pendency of the appeal. On the one hand, Applegate challenged the 60-month probation period as impermissible, and then, on the other hand, having succeeded in that challenge, she complained that the probationary period she argued she should have received wasn't appropriate either. But the delay was occasioned by the way she raised and litigated the issue.

That about-face is too much when, at the resentencing, Applegate had yet to satisfy the restitution obligation properly imposed on her from the first. The district court had the authority to impose a lawful period of probation so that Applegate could satisfy the still unmet conditions of probation. Cf. *State v. Lehman*, 308 Kan. 1089, 1099, 427 P.3d 840 (2018) (After a criminal defendant *completes* an original sentence that was

illegal, the district court no longer has jurisdiction to impose a modified lawful sentence.).

In making her argument, Applegate relies primarily on *State v. Alonzo*, 296 Kan. 1052, 297 P.3d 300 (2013), but she ignores the court's critical qualification on the holding in that case, leaving it inapposite here. In *Alonzo*, the district court imposed an 18-month term of probation rather than the statutorily mandated 12-month term and made no special findings supporting the longer period. Alonzo did not appeal. More than 12 months into the probationary period, Alonzo violated the terms and conditions of the probation. The district court then extended his probation for another 18 months and made the required statutory findings to do so. Alonzo appealed, arguing the district court lost jurisdiction when he passed the 12-month mark of the original probation period. The court agreed and held that the district court's later statutory findings for the extended probation period where legally ineffective because the district court no longer had jurisdiction. But the court qualified its holding by pointing out that the district court would have retained jurisdiction had Alonzo appealed the original sentence and probation period. 296 Kan. at 1058-59.

Here, of course, Applegate did appeal her original sentence, preserving the district court's jurisdiction on remand to implement a lawful term of probation consistent with her request for relief from the 60-month period and our mandate in *Applegate I*. Moreover, unlike Alonzo, Applegate had not satisfied the terms and conditions of her probation during what would have been the required statutory period. So the district court acted within its jurisdiction and the statutory directives of K.S.A. 2018 Supp. 21-6608 in placing Applegate on probation in October 2018. Had Applegate paid all of the restitution and otherwise been compliant with the probation requirements, she might have a compelling argument against the continuation of her probation. Of course, as a practical matter, the district court's objective for the extended probation would have been

6

accomplished, and it presumably would have discharged her on remand. But that scenario is not our case.

Applegate wanted relief from the 60-month probation. She's gotten that. And she now stands in the same place she would have occupied had the district court initially imposed probation under K.S.A. 2018 Supp. 21-6608(c)(3).

Affirmed.